Ross *v.* Fair *et al.**

(Division B. Jan. 17, 1927.)

[110 So. 841. No. 26136.]

1. APPEAL AND ERROR. *Every material fact and circumstance establishing appellant's case should be considered as true in determining propriety of court's action in directing verdict.*

In determining propriety of court's action in directing a verdict, every material fact and circumstance proved, or which evidence

tended to prove, going to establish appellant's case, should be taken as true.

2. Master and Servant. *Employee's right to recover for services after discharge held for jury.*

Evidence *held* to raise question for jury relative to employee's right to recovery for one month's services after discharge.

3. Master and Servant. *Employers discharging employee, employed by month, after·entering services for another month are liable for damages.*

If employee is employed and paid by month and is discharged after entering on services for another month, then employers breach their contract and are liable for damages suffered.

*Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., p. 765, n. 88; Master and Servant, 39 C. J., p. 71, n. 55; p. 105, n. 99.

Appeal from circuit court of Winston county.

Hon. T. L. Lamb, Judge.

Action by J. I. Ross against D. L. Fair and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*R. W. Boydstun,* for appellant.

A party employing another and breaching the contract is liable to the injured party for the damages suffered. *Harriston* v. *Sale,* 6 S. & M. 634; *Hunt* v. *Crane,* 33 Miss. 669; *Lee* v. *Hampton,* 79 Miss. 321, 30 So. 721; *Odeneal* v. *Henry,* 70 Miss. 172, 12 So. 154.

The plaintiff testified in plain and unequivocal terms about the formation of the contract, performance thereof upon his part and the breach thereof by defendants and of damages suffered from the breach. It was certainly prejudicial error for the court to grant the peremptory instruction for the appellee. This court has held from the earliest authorities that questions of fact are to be decided by the jury. *Haynes-Walker Lbr. Co.* v. *Hankins et al.,* 105 So. 858; *Brenard Mfg. Co.* v. *Little,* 105 So. 762; *N. E. Railroad Co.* v. *Jackson,* 105 So. 770.

'Every material fact which the evidence proves or tends to prove in favor of appellant, either directly or by reasonable inference, must be taken as established. *New Orleans & N. E'. R. R. Co.* v. *Martin,* 105 So. 864; *Wise* v. *Peugh,* 106 So. 81; *Brenard Mfg. Co.* v. *Baird,* 106 So. 82.

This court should reverse the trial court's decision and render a judgment here.   .

*Edward M. Livingston,* for appellees.

The testimony is convincing that the services of Mr. Ross were not satisfactory and that appellees had so just a cause for being dissatisfied with the services of appellant that there was no question of fact to be determined by the jury. Certainly, under the terms of the contract as testified to by all the witnesses, Mr. Ross was not employed for any definite length of time, but could be discharged at any time appellees became dissatisfied.

The contract here is a contract for services so long as the work is satisfactorily performed and is terminable at will. *Rape* v. *M. & O. R. R. Co.,* 100 So. 585, is a complete answer to counsel's proposition that appellees are liable for one month's service. See also *Lord* v. *Goldberg,* 15 A. S. R. 82; *McKlevy* v. *Choctas Cotton Oil Co.,* 142 Pac. 414.

We have no quarrel to make with the authorities cited by counsel to the effect that questions of fact are to be decided by the jury, but simply submit that the authorities have no application to this case. Counsel overlooks the main point in this case. Our position is that there was no breach of the contract, but it was simply a contract that could be terminated at the will of either party, and as soon as the services of the appellant became unsatisfactory, appellee simply did what the contract provided they could do and discharged the appellant.

Anderson, J., delivered the opinion of the court.

Appellant sued appellees for two hundred dollars, salary claimed to be due him by appellees for one month's services by him as foreman of their sawmill, and fifty dollars for the use of a house in which to live while acting as such foreman, which he claimed that appellees had agreed to furnish him, and had failed to do. At the conclusion of the evidence the court directed a verdict and judgment for appellees. From that judgment appellant prosecutes this appeal.

Appellees were operating a sawmill in Winston county. Appellant represented himself to be a sawmill foreman. Appellees employed appellant as their sawmill foreman, beginning September 1, 1925. Appellant worked for appellees in that capacity through the month of September, and, on the morning of October 1st following, after he had entered upon his labors as such foreman, he was discharged by appellees, on the ground that his services were unsatisfactory. Appellant claimed that he was employed by appellees by the month at a salary of one hundred fifty dollars a month, payable monthly, and after serving appellees one month under the contract, and after beginning such services for the following month, he was discharged; that in addition, appellees were to furnish him, while serving them, a house to live in, which they failed to do; that in so discharging him, and failing to furnish him a house to live in while serving them, they breached their contract, which entitled appellant to recover his salary while out of employment, and the reasonable value of the use of a house; that under the contract of employment appellees had the right to discharge him at the end of any month if his services were unsatisfactory. Appellees, on the other hand, claimed that appellant was not employed by the month, but only so long as his services were satisfactory, although D. L. Fair, one of the appellees, admitted

in his testimony that appellant was to be paid for his services by the month.

As stated, the court directed a verdict for appellees. In determining the propriety of the action of the court in that respect, every material fact and circumstance proven, or which the evidence tended to prove, going to establish appellant's case, should be taken as true. So viewing the evidence, was the issue of fact one for the court or the jury? We think it was a question for the jury. The evidence showed without conflict that appellant served appellees one month, and began another month before he was discharged; that he served them through the month of September, and was not discharged until between 6 and 8:30 o'clock on the morning of the 1st of October following, and after he had begun his day's work. Appellant testified that he was employed by the month as long as his services were satisfactory to appellees; and that appellees had agreed to furnish him a home to live in while he was in their service, and failed to do so. On the other hand, the testimony on behalf of appellees tended to show that appellant was employed, not by the month, but only so long as his services were satisfactory to appellees; that they had a right to discharge him at any time; and therefore when they did discharge him they were only liable to him for his earned salary up to that time. Under the law, if appellant was employed and paid by the month, as he testified he was, and was discharged by appellees after he entered upon their service for another month, then appellees breached their contract with appellant, and are liable to him for the damages he suffered; and if they breached their contract to furnish him a house to live in while he was in their service, they would be liable to him for whatever damages he suffered on that account. We think the evidence made a square issue of fact whether appellant's contention was well founded or that of appellees. It was therefore a question for the jury.

*Reversed and remanded.*