MAGNOLIA MISS DRESS CO., INC. *v.* ZORN.

In Banc. Sept. 27, 1948.

(36 So. (2d) 795)

(1)

B. F. Cameron, L. A. Pyle, Robt. E. Perry and George E. Shaw, for appellant.

4

Will S. Wells, for appellee.

6

**Alexander, J.**

Appellee brought suit in the county court for $1000, representing salary alleged to be due him by appellant as its production superintendent for the month of December 1946. Judgment for such amount was entered upon the verdict of the jury. The circuit court affirmed and the cause comes to this Court upon the following assignments of error: (1) Refusal of peremptory instruction for the defendant; (2) the giving of an instruction for plaintiff; (3) the refusal to exclude certain testimony; and, (4) denial of a new trial.

It is undisputed that the parties reached an agreement whereby Zorn would be employed by appellant as its production superintendent at a salary of $1,000 per month, beginning May 1, 1946. Such salary was paid at the end of each respective month, up to and including November 1946.

The first day of December fell upon Sunday, and on the following day Zorn reported for work and engaged in some activities involving inspection and designing of patterns. About an hour and a half later, a representative of the appellant accosted him, and in effect told him that the employment was at an end.

The president of the appellant company testified, in corroboration of plaintiff, that the plaintiff "worked by the calendar month." The employment therefore was without question one from month to month. The defendant did not seek instructions upon the issue of justification for the discharge, and there is sharply presented the right of an employer to discharge an employee at will where the only consideration for the employment is the giving and receiving of services for a stipulated monthly wage.

It could be conceded that the employer may in such circumstances discharge his employee at any time. We examine only what may be the effective day of such discharge.

In our judgment, regardless of the multitude of cases which support the general rule of the right to discharge at pleasure, where one who has been hired by the month and has entered upon his duties, his discharge may not become effective until the end of such month. Ross v. Fair, 145 Miss. 18, 110 So. 841. The cited case is strikingly parallel upon the facts, involving, as does the case at bar, the entry upon duties upon the first work day of a new month. A few authorities elsewhere deny the employee's right to pay for the rest of the month, but we are bound by our own holding. It is true that in Rape v. Mobile & O. Ry. Co., 136 Miss. 38, 100 So. 585, 35 A. L. R. 1433, we held that such employment as is here involved was terminable at the pleasure of either party. But the employment was by the day, and for all the record shows the employee was paid for the day upon which he was discharged. In any event the issue was in such case restricted to the right to discharge, and whether there was a consideration beyond the right to work and the duty to pay the stipulated wage.

We lay down no rule other than that announced in Ross v. Fair, supra. It is true that the appellant's president sought to express personal dislike for appellee, and to give reasons therefor, based on hearsay. It was shown

that appellee's services had failed of an expected advantage. Yet this case was submitted, not upon the issue of justification, but upon the factual issue whether appellant had prior to December first given Zorn notice to quit.

Upon this point the evidence is conflicting. Certainly, in view of the categorical denial by Zorn of any prior notice and the lack of certainty in the testimony of witnesses for appellant, we are unable to say with assurance that the verdict is against the overwhelming weight of the evidence. The finding of the jury, under proper instructions confined to this issue, must be allowed to stand.

During the testimony of appellant's president, he sought to explain his personal antipathy toward appellee. He was admittedly moved chiefly by reported statements of Zorn derogatory to this State and its people. Exception to this testimony was sustained, yet upon cross examination, plaintiff's counsel interrogated the witness with regard to his feelings and their basis. Such testimony was in turn objected to by appellant, and the trial court was in error in overruling the objection.

A motion for a new trial was based upon the procedural incident, and upon argument of appellee's counsel to the jury under which it was shown that such matters were adverted to by counsel for both parties.

Since there is no bill of exceptions disclosing the fact of such argument or a ruling thereon by the trial judge, and no motion for a mistrial, we may consider only the refusal to exclude this testimony.

We are of the opinion that the failure of the trial judge to exclude this testimony was either of no effect, or, if effective, was prejudicial to the plaintiff and not the defendant.

Affirmed.