444 So.2d 206 (1983)
Nancy TERREBONNE
v.
LOUISIANA ASSOCIATION OF EDUCATORS.
No. 83 CA 0276.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
Writ Denied February 27, 1984.
*207 Floyd J. Falcon, Jr., Baton Rouge, for plaintiff-appellant Nancy Terrebonne.
William D'armond, Baton Rouge, for defendant-appellee La. Ass'n of Educators.
Before COVINGTON, COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiff appeals from a judgment upholding her dismissal "without due process" as a UniServ Field Representative in defendant's employ. We affirm. There is no evidence that defendant obligated itself to afford plaintiff a due process hearing and, therefore, as an indefinite term employee, plaintiff's employment was terminable at the will of either party. L.S.A.-C.C. arts. 1814, 1815, 2746, 2747.
Defendant is a non-profit corporation whose membership is composed of teachers and educators. Its purpose is to foster, protect and promote the interests of teacher-educators in all aspects of their interests. Toward fulfillment thereof, it provides local chapters and member organizations with UniServ Representatives who act as liaisons between the locals and defendant, and serve the needs and requirements of the locals.
Plaintiff applied for the position of UniServ Representative for assignment to the East Baton Rouge Parish Association of Educators (EBRPAE) as advertised by defendant. In response thereto, plaintiff received a letter from defendant's executive secretary, H.C. Robinson, enclosing a copy of the job requirements and a copy of defendant's *208 personnel policies. Thereafter, in December, 1979, plaintiff was hired for the position. There was no written contract of employment.
The term of plaintiff's employment was not to exceed three years but successive terms were permissible. Further, on September 27, 1980, defendant's Executive Council adopted a resolution concerning reemploying professional staff members (which includes all UniServ Representatives) until June 30, 1983.
In late 1980, or early 1981, defendant began receiving complaints from EBRPAE concerning plaintiff's conduct and competency. Pursuant thereto, Robinson informed plaintiff, by letter dated February 16, 1981, that he was recommending her dismissal at EBRPAE's request. Further, plaintiff was informed that defendant's Executive Council would consider this matter on March 14, 1981. Plaintiff wrote Robinson that she understood the complaints had been withdrawn. In addition, she complained that her due process rights had been violated as there was no specification of charges against her. In response thereto, Robinson specified 27 charges of alleged misconduct in his letter of February 26, 1981.
At the Executive Council meeting, EBRPAE agreed to drop the charges provided plaintiff was assigned other duties and another specifically named UniServ Representative appointed to EBRPAE. Defendant declined this solution. Thereafter, at EBRPAE's request, defendant ordered an investigation and evaluation of plaintiff. As a result thereof, Robinson advised plaintiff by letter dated July 24, 1981, that he would recommend plaintiff's dismissal at the August 15 meeting of the Executive Council, provided delivery of the notice was effected 20 days prior to the meeting date. Further, he advised that if such notice was not forthcoming, then the meeting date would be continued and plaintiff given further notice. Attached to the notice was a detailed specification of charges of misconduct and incompetency.
Plaintiff received actual notice of the scheduled hearing on July 27, 1981. Immediately, she contacted Robinson, who agreed to postpone the hearing date. At the August 15 meeting, the Executive Council agreed to a new hearing date of August 22. Plaintiff was notified accordingly on the 17th of August. Plaintiff protested that this was not sufficient time to prepare her defense and requested a further postponement. This request was denied.
At the hearing, the chairperson announced that each side would be allotted one and one-half hours for presentation of evidence and argument. Cross-examination of witnesses would be allowed by Council members and only for clarification purposes. Further, the matter would be heard in executive/closed session since a personnel matter was involved. Further, the chairperson rejected plaintiff's request that a transcript of the proceeding be made. Pursuant to this format, a hearing was held.
Robinson produced unsworn statements and witnesses against plaintiff despite objection by plaintiff's counsel. His presentation lasted approximately 45 minutes. Plaintiff also presented unsworn witnesses in her behalf. She was allowed slightly more than the alloted time to present her evidence. As a result of this hearing, plaintiff was terminated, and this suit instituted.
The trial court understood plaintiff's argument to be two-fold. First, that she was employed for a fixed term and, therefore, could not be discharged without due process, which, argues plaintiff, includes, among other things, the opportunity to confront her accusers. Secondly, that if plaintiff's employment was not for a fixed term, she was nevertheless entitled to a due process hearing, by virtue of the defendant's policy provisions, which became engrafted as part of her employment contract. With these issues before it, the trial court held that plaintiff was not a "fixed term" employee because there was no meeting of the minds as to the term involved. Therefore, plaintiff was an "at will" employee and *209 subject to discharge at any time without cause. As to the remaining issue, the court concluded there was no binding agreement on defendant's part to afford plaintiff a due process hearing. It noted the lack of evidence of any bargaining for due process or any other consideration thereof. Further, the trial court found that its decision therein obviated consideration of whether the discharge procedure employed by defendant met due process requirements.
On appeal, plaintiff contends that the "at will employee" doctrine is not applicable to her, and that she was guaranteed, and not afforded, a due process hearing.
I. APPLICABILITY OF THE "AT WILL EMPLOYEE" DOCTRINE
Initially, plaintiff was employed for a term "not to exceed three years." Almost a year after plaintiff's employment with defendant, its Executive Council passed a motion to:
"... reemploy all professional staff persons, who seek reemployment with us, until June 30, 1983, with a stipulation in the contracts of any persons whoes [sic] positions are partially funded or fully funded by the NEA that these positions are contingent upon said funding, beginning with the expiration of the current contracts."
This resolution was not distributed among the professional employees. However, plaintiff claims knowledge thereof, having been present at the meeting at which the motion was passed. Based thereon, plaintiff contends that her employment term became "fixed," as per this resolution. The trial court disagreed on the basis that there was no meeting of the minds between the parties as to the term involved.
In order to have a valid contract, the parties thereto must agree on a certain object. L.S.A.-C.C. art. 1779. The object herewith is the duration of the employment contract. The Code provides for two types of contracts for hire: (1) the limited duration contract; and (2) the contract of servant terminable at the will of the parties. L.S.A.-C.C. arts. 2746 and 2747, respectively. The distinction between these two types of contracts is that under a limited duration contract the parties have agreed to be bound for a certain period during which the employee is not free to depart without assigning cause nor is the employer at liberty to dismiss the employee without assigning any reason for so doing. See L.S.A.-C.C. arts. 2746-2750.
In the instant case, there is no limited duration or "fixed" contract. At the outset of plaintiff's employment, the parties agreed that the plaintiff's term would not exceed three years. This merely states the maximum time for which plaintiff could possibly serve without being re-employed. However, neither party agreed to be bound for a certain period.
Nor did the subsequent passage of the noted resolution provide such an agreement. Even if we were to read the resolution as plaintiff wishes, to say: "The LAE re-employs all professional staff persons until June 30, 1983," plaintiff has failed thereby to bind herself to remain in defendant's employ until that time. Therefore, there could be no limited duration contract under C.C. art. 2746. However, this is not what the resolution states. On the contrary, it limits the professional staff persons the defendant will re-employ to those who seek re-employment with it. In addition, it stipulates that if the persons' position is partially or fully funded by the NEA, their re-employment is contingent on the necessary monies being funded by the NEA. The record does not indicate that plaintiff ever sought re-employment with the defendant. Therefore, plaintiff does not fall within the category the defendant sought to re-employ by its resolution.
In light of the foregoing, we conclude, as did the trial court, that plaintiff's employment was for an indefinite period of time and, consequently, terminable at the will of either party. See L.S.A.-C.C. art. 2747.

*210 II. DUE PROCESS HEARING GUARANTEE
Plaintiff asserts that by contract she could not be discharged without due process. She bases this assertion on the receipt of defendant's by-laws, stating:
"... All employees shall be assured due process in matters of discipline, demotion, and discharge." Constitution and By-Laws of the LAE, Art. XV, Sec. 2.
She received these by-laws before she accepted employment and claims she relied thereon in accepting her position.
The trial court concluded that there was no binding agreement on the defendant to afford plaintiff a due process hearing since there was no bargaining therefor nor any other consideration flowing from the employee over and above her obligation to perform normal duties while employed. In reaching this conclusion, the trial court noted the lack of Louisiana jurisprudence on this question and relied on numerous out-of-state decisions. While we agree with the trial court's holding that there is no binding agreement on the defendant to afford plaintiff a due process hearing, we do so on other grounds.
In order to have a valid contract in Louisiana, the parties must consent thereto. L.S.A.-C.C. art. 1779. The nature of the consent necessary to give validity to the contract is provided by the Code. L.S.A.-C.C. arts. 1797, et seq. As an offer is an indispensable element of consent, it is of utmost importance to determine whether a certain declaration of wills amounts to a real offer or is merely a declaration made without an intention of becoming bound. S. Litvinoff, Offer and Acceptance in Louisiana Law: A Comparative Analysis: Part IOffer, 28 La.L.Rev. 1 (1968). Unequivocal words, expressive of mere intent, do not make an obligation. L.S.A.-C.C. art. 1814. Similarly, a positive promise creates no obligation when made in a manner from which no serious intent to contract is shown. L.S.A.-C.C. art. 1815. Furthermore, it will devolve upon the party who relies thereon to establish that the parties seriously contemplated the creation of legal rights and duties. See Litvinoff, supra, at 5.
Plaintiff received a copy of defendant's Personnel Policies as an enclosure to its letter of October 3, 1979, from its executive secretary, H.C. Robinson. Included within the Personnel Policies were the defendant's by-laws.
The letter began by acknowledging receipt of a previous letter by plaintiff and her interest in the UniServ Field Representative position for East Baton Rouge Parish. Further, Robinson expressed defendant's pleasure that plaintiff would consider employment with it. The letter proceeded to explain that the position in question was under defendant's control. Furthermore, it stated that several items were enclosed for plaintiff's information.[1] Thereafter, in closing, Robinson requested that plaintiff phone for an interview.
Application of the above standards to the instant case requires plaintiff to prove that defendant, by enclosing a copy of its personnel policies, contemplated the establishment of legal rights and duties. Plaintiff has not carried this burden. The letter from defendant to plaintiff was not a job offer but an explanation of the procedure by which plaintiff might apply for a job. The enclosures were for plaintiff's information only. Plaintiff was not employed until after she had properly applied for the job, which occurred some time later. When plaintiff was actually employed, no mention was made by either party of the personnel policies or by-laws. Accordingly, we find plaintiff's second argument without merit.
Having determined that plaintiff was not entitled to a "due process" hearing, we pretermit the question of whether the hearing, as conducted, complied with the requisites of due process.
*211 For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs.
AFFIRMED.
NOTES
[1] The items enclosed were: (1) a copy of the Personnel Policies of the LAE; (2) a job description; and (3) a copy of the action of the LAE Council in authorizing the filling of this position.