11 JAMES F. McKAY III, Judge.
The defendant, Warner A. Ketnor, was employed by the plaintiff, Daybrook Fisheries, Inc., as a fishing captain between 1981 and 1997. Due to frustration with Daybrook as well as significant family pressures, Captain Ketnor decided to take a shore-based position with Omega Protein. Word began to circulate among the Daybrook fleet that Captain Ketnor was leaving Daybrook for Omega Protein. Another Daybrook captain, Calvin Moore, approached Captain Ketnor about also pursuing opportunities with Omega Protein. Captain Ketnor referred Captain Moore to the management at Omega Protein. Captain Moore was also offered a job with Omega Protein, which he accepted. Captain Ketnor was the most productive cap *225 tain in the Daybrook fleet. After he left Daybrook, the fleet’s overall productivity decreased.
Daybrook filed suit against Captain Ket-nor under several theories of law. Prior to trial, Daybrook voluntarily dismissed all of its claims except for two: (1) a claim for breach of an alleged term employment contract as a result of Captain Ketnor’s decision to leave; and (2) alleged tortuous interference with contract as a result of Captain pMoore’s separate decision to leave.
The trial court dismissed Day-brook’s claim on the grounds that Day-brook failed to show that it suffered any compensable injury due to the departure of Captain Ketnor or his fellow captain, Calvin Moore, and because the agreements between Daybrook and the captains were not mandatory labor contracts. These are factual findings which may not be reversed absent manifest error. Under the “manifest error” or “clearly wrong” standard, the reviewing court must give great weight to the factual conclusions of the lower court. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Hill v. Morehouse Parish Police Jury, 95-1100 (La.1/16/96), 666 So.2d 612, 615.
Ordinarily, maritime contracts are interpreted pursuant to federal common maritime law. Kossick v. United Fruit Co., 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). However, there are no settled principles of maritime law controlling the interpretation of employment between a captain and a vessel owner. In the absence of a specific and controlling federal rule, state law governs marine contracts. Albany Ins. Co. v. Anh Thi Kieu, 927 F.2d 882, 886 (5th Cir.1991); See also Green v. Industrial Helicopters, Inc., 593 So.2d 634 (La.1992). According to Louisiana Civil Code Article 2747: “A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The | «servant is also free to depart without assigning any cause.”[1] This is the law that governs the employment relationship that existed between Daybrook and Captains Ketnor and Moore. In fact, several rules have been developed for determining whether an employment contract is at-will or for a definite term. First, the fact that an employee signs a written agreement with his employer specifying the amount he is to earn or the terms of his employment over a period of time does not necessarily create an employment contract for a definite term. Weaver v. Purple Shield Life Ins. Co., 356 So.2d 519 (La.App. 1 Cir.1977). Rather, for a mandatory term employment contract to exist, “the parties [must] have clearly agreed to be bound for a certain period of time during which the employee is not free to depart without assigning cause and the employer is not free to depart without giving a reason.” Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4 Cir. 1991) citing Terrebonne v. Louisiana Assoc. of Educators, 444 So.2d 206 (La.App. 1 Cir.1983).
In the instant case, the agreements between Daybrook and Captains Ketnor and Moore fall far short of what is needed to establish a contract under which neither Captain Ketnor nor Captain Moore were free to terminate their employment. First, and most importantly, the docu *226 ments contain no agreement by Captains Ketnor and Moore to remain employed, and no agreement by Daybrook to employ them for the term of the agreement. Rather, the agreements merely spell out the duties of Captains Ketnor and Moore regarding their employment, and RDaybrook’s agreement with regard to what they will be paid for their services. The agreements also contemplate the right of the parties to terminate the employment relationship and the result of such termination.
For the foregoing reasons, the trial court’s judgment dismissing Daybrook’s claims against Captain Ketnor is affirmed.
AFFIRMED.
ARMSTRONG, J., DISSENTS.
MURRAY, J., CONCURRING.

. This is in keeping with the principle that maritime employment is "at will.” Smith v. Atlas Off-Shore Boat Service, Inc., 653 F.2d 1057 (5th Cir.1981).