# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2021

Lyle W. Cayce
Clerk

No. 20-30555
Summary Calendar

Damain Kerek,

*Plaintiff—Appellant*,

*versus*

Crawford Electric Supply Company, Inc.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-76

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Following a bench trial, the district court ruled in favor of Plaintiff Damain Kerek's former employer, Crawford Electric Supply Company, Inc. ("Crawford"), rejecting Kerek's claims under the Louisiana Wage Payment

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30555

Act, LA. STAT. ANN. §§ 23:631–32. Kerek appealed.[1] For the following reasons, we AFFIRM.

Kerek maintains that he was wrongfully denied a bonus after he relied on statements by his supervisors that his branch would not be charged for the costs of a new product line. Kerek's bonus depended on the minimum return on sales ("ROS") for his branch. Kerek argues that his branch would have met the ROS threshold if Crawford had not charged his branch for the costs of the new product line. Under Louisiana law, a valid contract "requires capacity, consent, a certain object, and a lawful cause." *Landers v. Integrated Health Servs. of Shreveport*, 903 So. 2d 609, 612 (La. Ct. App. 2005). Consent requires a "meeting of the minds." *Id.*

After considering the evidence presented, the district court determined that there was no "meeting of the minds" between Kerek and Crawford regarding the removal of the costs of the new product line from the ROS calculation, and consequently dismissed Kerek's claim. *See Kerek v. Crawford Elec. Supply Co., Inc.*, No. CV 18-76-RLB, 2020 WL 4906050, at *7–8 (M.D. La. Aug. 20, 2020). The existence of a contract is considered a "finding of fact, not to be disturbed unless clearly wrong." *Landers*, 903 So. 2d at 612. Generally, "[w]e review a district court's findings of fact for clear error." *Petrohawk Props., L.P. v. Chesapeake La., L.P.*, 689 F.3d 380, 388 (5th Cir. 2012); *see also Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) (reviewing a district court's finding that there had not been a "meeting of the minds" for clear error). On appeal, Kerek's primary argument is that the district court erred in finding there was no meeting of the minds.

---

[1] The federal courts have diversity jurisdiction over this case under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291.

In an effort to urge a legal question, as to which de novo review would be appropriate, Kerek urges us to consider whether a "meeting of the minds" requires the parties to "concur on all details of the agreement or just on the principal cause." Yet, we need not decide this question because the district court never held that the parties needed to agree on every specific detail— nor, for that matter, did Crawford (explicitly or implicitly) make such an argument. *See Kerek*, 2020 WL 4906050, at *7. Accordingly, Kerek's appeal presents only a fact question—whether there was a "meeting of the minds" as to the removal of costs from the ROS calculation—that we review for clear error.

Kerek maintains that his supervisors "promised" him that the costs of the new product line (the "parallel wire program") would not be charged to his branch. Crawford, in turn, argues that such a promise was never made, noting that Kerek "relies upon vague statements" that "f[a]ll short of rising to the level of a legally enforceable promise." The district court agreed with Crawford, holding that the "testimony and evidence presented at trial d[id] not . . . support a finding that the parties had a meeting of the minds" regarding a potential modification to Kerek's Bonus Plan[2] that would require Crawford to remove the costs of the new product line. *Id.*

We conclude that Kerek fails to show the requisite error in the district court's assessment. The evidence shows that Kerek's supervisors discussed the subject with Kerek and offered generalized assurances that they would try to figure out a way to reallocate the expenses, but nothing required a conclusion that there was a "meeting of the minds" as to a legal commitment by Crawford. *See Terrebonne v. La. Ass'n of Educators*, 444 So. 2d 206, 210

---

[2] The district court concluded that Kerek's 2016 Bonus Plan was a "valid contract" and "consider[ed] whether the parties agreed to modify the terms." *Kerek*, 2020 WL 4906050, at *6.

No. 20-30555

(La. Ct. App. 1983) ("Unequivocal words, expressive of mere intent, do not make an obligation."). In sum, the district court did not clearly err in finding that there was no "meeting of the minds" regarding a potential modification to a legal contract.

For the foregoing reasons, we AFFIRM.[3]

---

[3] Because we affirm the district court's finding that there was no "meeting of the minds," we need not reach the other issues Kerek raised on appeal.