ATLANTA STOVE WORKS *v.* WILLIAM B. HAMILTON.

MASTER AND SERVANT.    *Wrongful discharge.    Unsatisfactory service.*

    Where a servant was engaged for a stated term, with the right in
    the master to discharge him if his services became unsatisfactory,
    the master cannot escape liability if he wrongfully discharge the
    servant before the expiration of the term for reasons other than a
    failure to render satisfactory service, and the right to discharge
    for that reason must be exercised in good faith.

FROM the circuit court of Lowndes county.

HON. EUGENE O. SYKES, Judge.

Hamilton, appellee, was plaintiff, and the Atlanta Stove
Works, appellant, defendant in the court below.  From a judg-
ment in plaintiff's favor, defendant appealed to the supreme
court.  The facts are stated in the opinion of the court.

*William Baldwin,* for appellant.

*E. T. Sykes,* for appellee.

[The reporter has been unable to find the briefs of counsel in
this case, they were lost or withdrawn from the record before
it reached him.]

CALHOON, J., delivered the opinion of the court.

On February 8, 1902, appellant employed appellee, Hamil-
ton, as its traveling salesman in a specified territory at a salary
of $100 per month.  The contract appears in a letter of appellant
which contains the following stipulations (italics ours) : "It is
understood that, if any *providential cause* should occur which
will render either of us unable to continue this contract for a full
year, either party shall have the right to terminate same, other-
wise it shall continue to January 1, 1903.  *If your services shall
be unsatisfactory this agreement is subject to cancellation."*

No providential cause intervened, and so the contract was binding on the parties to it to January 1, 1903, with the right in the Stove Works to terminate it at any time before then if Hamilton's services in the employment were "unsatisfactory." Services were rendered by Hamilton up to October 22, 1902, when the Stove Works wrote him the following letter (italics ours):

"ATLANTA, GA., Oct. 22, 1902.

"Wm. B. Hamilton, Columbus, Miss.—Dear Sir: Your favor received of last week enclosing letter from Lampton, Rawls & Co., telling us about *the breakage* in this car of goods. We have never shipped goods in any territory in our lives that we have had so much trouble as we have to Mississippi. *Nearly every car that we have shipped has had more or less breakage.* The car that went to Wright Bros., 46 out of a hundred were broken, and had to be returned to the factory for repairs. It seems that there are about 26 of the stoves sent to Lampton Rawls broken. The shipment made to McComb City Mer. Co., McComb City, Miss., *every stove. was broken*, and they returned them and we repaired them, and we shipped them again, and have a letter from them saying they were all broken the second time, and they had to refuse to take them out of the depot. We don't understand why so much breakage should occur in the territory.

"Your telegram received this morning asking us if we would *honor* draft for $50.00 on salary account. We were a little bit surprised that you should want to draw on us before the end of the month, when *you were at home not even at work. Taking all of the situation as a whole,* the unpleasantness of doing business in Mississippi, and the amount of breakage that occurs, and the fact that the people in the state are *able to buy their goods at so much less money than we are able to sell* them, we have decided to discontinue our efforts in your state and herewith enclose you check for $76.35, which is for your services and your account for the month of November, *after which time we will not need your services any further.* We are sorry that we have

83 Miss.—45

to do this, but the business in Mississippi has been so expensive to us, as you will see from the statement herewith enclosed, and to now give it up, which we have decided to do, makes this expense a loss to us. We, when we went into the territory, *expected to build up a large trade* and continue to work, and were therefore willing to undergo heavy expense for that purpose, but since *the unsatisfactory nature of the business,* and giving it up as we are, we will lose what we have gained by entering the territory.

"We are willing to help you in any way we can to get another position if you desire us. *We recognize in you a capable salesman, one that is thoroughly able to reach the trade and secure their business,* and if you desire we will *gladly give you a letter to that effect.* We stand ready to give you any aid we can.

"Yours truly,                    ATLANTA STOVE WORKS,
        [Signed] *B. H. Jones, Vice Pres."*

This litigation arises out of an action by Hamilton for his salary for the two months, November and December, 1902, on separate suits for each of those months, which suits were consolidated. The contract of February 8, 1902, was for a specific term. If it did not contain the cancellation clause, undoubtedly, from this record, Hamilton could recover, notwithstanding any desire of appellant to withdraw from business in his territory. It is also true that he may recover even with the cancellation clause in the contract, unless his discharge was for the honest reason that his services were unsatisfactory to the Stove Works, and not because of any losses by breakage of their wares by railroad companies in shipments to Mississippi, or their desire, from any business motive, to abandon the territory. This was the precise question decided by the jury, on all the evidence, in favor of Hamilton. The letter of discharge of October 22, 1902, puts it on a reason distinctly other than dissatisfaction with his services. On the contrary, it appears from it that plaintiff's services must have been quite satisfactory. In the

summer preceding there were some complaints against him, such as underselling under new schedules sent him, selling a bill of goods on Sunday, and being at home one time, etc., all of which, if not condoned, he has successfully refuted by his testimony, which the jury accepted. On the point of this decision, that the discharge must be in good faith because of unsatisfactory service, in order to exonerate the employer in the case before us, the bar will find a compilation of authorities in the briefs of counsel in the case, cited by counsel for appellee, of *Crawford* v. *Mail & Express Publishing Co.,* 163 N. Y., 404; s. c., 57 N. E., 616. See 21 Am. & Eng. Enc. Law (1st ed.), 714. We decide the case we have in hand, and do not decide that, on a discharge on a reason given of unsatisfactory service, without more, there may be compulsion on the employer to disclose the particulars of dissatisfaction. As to this we are silent, and without consideration or investigation. In cases like this good faith, not caprice—not a wish to quit business—is the test, and the verdict was reached on that test.

*Affirmed.*