356 So.2d 519 (1977)
Chris WEAVER, Jr.
v.
PURPLE SHIELD LIFE INSURANCE CO.
No. 11668.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
*520 Charles Fasterling, New Orleans, of counsel for plaintiff-appellant.
John W. Swanner, Baton Rouge, of counsel for defendant-appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This is an appeal by Chris Weaver, Jr. from a judgment rejecting his demand against Purple Shield Life Insurance Company for damages for the alleged breach of an employment contract.
On September 20, 1971, the following letter sent to plaintiff by R. B. Sims, Vice-President and Agency Director of Purple Shield:
"Your application applying for the position of district manager for the Purple Shield Life Insurance Company on the New Orleans district was received and considered by the company and I'm very pleased to state that you have been accepted as district manager for the New Orleans district (Number 8) effective September 15, 1971 as the starting date of your employment at a salary of $8,500.00 per year plus $300.00 per year travel expense. The travel expense is given based on the necessary travel in connection with the territory of your district, which includes 6 trips per year to managers' conferences at whatever point in the State of Louisiana they are to be held. This also includes any special programs that may be held from time to time by the company. Travel expense at the rate of 5 cents per mile will be paid for trips to supervise that part of your district in Morgan Citypoint to point, $10.00 per day per diem if you have to stay over night.
"The $8,500.00 per year salary is effective September 15, 1971 through December 31, 1972. It is based on the district manager collecting an average of 95 percent of the district's debit, keeping the arrears down to 30 percent or less of the debit value and putting on increase of not less than $2,500.00 for the year of 1972. At the end of that period of time, the district manager's salary will automatically be changed to $6,000.00 per year as a base salary plus 1 percent of the gross collection for the year and 1 times the net increase for the year."
Mr. Weaver was discharged on February 29, 1972. This suit was filed, alleging that the September 20, 1971, letter constituted an employment contract for a specific term, and that he was discharged without cause.
The following Articles of the Civil Code are applicable:
"Art. 2669. Lease or hire is a synallagmatic contract to which consent alone is sufficient, and by which one party gives *521 to the other the enjoyment of a thing, or his labor, at a fixed price."
"Art. 2675. To let out labor or industry is a contract by which one of the parties binds himself to do something for the other, in consideration of a certain price agreed on by them both."
"Art. 2747. A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."
"Art. 2749. If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived."
The district judge found that the letter of September 20, 1971, did not guarantee employment for a fixed period of time. Under Article 2747, Purple Shield could fire plaintiff at any time, without cause.
Although plaintiff argues otherwise, we agree that the letter of September 20, 1971, does not constitute a contract of employment for a fixed term. It sets the rate of pay through December 20, 1972, and provides the circumstances under which plaintiff might receive a raise at the end of that period. We find no language therein, however, which states that plaintiff is hired for a term ending on December 20, 1972.
Plaintiff argues that the intention to contract for a specified term may be inferred from the circumstances of the employment. The district judge accepted the testimony of Mr. Sims, which was to the effect that no specific term was intended or agreed to, and that plaintiff was discharged because he was not doing the job he was hired to do. We find no manifest error in the trial judge's determination in that respect.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.