Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss Count I should be and it is HEREBY OVERRULED.

**David D. PALAY**

v.

**BEECH HOLDINGS, INC.**

**Civ. A. No. 84–986–B.**

United States District Court,
M.D. Louisiana.

Sept. 24, 1985.

Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, La., for David D. Palay.

Rutledge C. Clement, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant.

POLOZOLA, District Judge.

This matter is before the Court on the motion of the defendant, Beech Holdings, Inc. ("Beech") for summary judgment. No oral argument is required on this motion. For reasons which follow, defendant's motion for summary judgment is hereby granted.

David D. Palay was elected Vice President and General Manager of Baton Rouge Aircraft, Inc. ("BRAI"), a marketing subsidiary of Beech, on January 11, 1983. He was also elected a Director of BRAI. Palay contends that his election to the above positions constituted a contract of employment for a term of one year. In May, 1983, the defendant terminated Palay's employment, although he received severance pay through August 3, 1983. Palay then filed this suit against Beech seeking damages for wrongful termination of employment as well as for injury to his reputation.

Beech argues in its motion for summary judgment that Palay was never employed on an annual basis or for any other term and thus was terminable at will. Under Louisiana law, an employee who is not hired for a fixed term may be terminated at any time, with or without cause. *Hoover v. Livingston Bank*, 451 So.2d 3, 5 (La.App. 1st Cir.1984). Thus, Beech contends that Palay has no cause of action for breach of contract. The Court agrees.

La.R.S. 12:82(C) provides: "Election or appointment of an officer shall not of itself create contract rights." However, La.R.S. 12:82(E) states that "[a]ny officer or agent may be removed by the board of directors with or without cause at any time, *without prejudice, however, to the contract rights of the person so removed.*" (emphasis added) Palay argues that these two sections, read together, indicate that election alone is not enough to create a contractual right to a position, but such a right may be created if other relevant facts show that the parties intended to create that right.

Palay admits that he was never advised by any of his superiors at Beech that his employment was for a one year term. He contends, however, that three facts show that he was elected for a one year term: (1) he had been re-elected each year since 1978; (2) each year he was required to sign a written acceptance of the position; and (3) he was paid an annual salary.

The by-laws of BRAI provide that "[a]ll directors shall hold office until respective successors are elected or until his earlier resignation or removal."[1] The by-laws further provide that corporate officers "shall be chosen annually by the board of directors, and each shall hold his office until he shall resign or shall be removed or otherwise disqualified to serve, or his successor shall be elected and qualified."[2] The resolution whereby Palay was elected stated he was to serve "for the ensuing year and/or until [his] successor shall have been duly elected and qualified." On May 23, 1983, William H. Simpson was elected and qualified as Vice President/General Manager and Director of BRAI as a successor to Palay. Thus, Palay's employment was properly terminated by the election and qualification of Simpson under the terms of the by-laws and the 1983 resolution electing Palay.

■■■ The mere fact that elections previously had been held only annually is not sufficient to change the clear wording of the by-laws and resolution. Furthermore, the expression of salary at an annual rate does not create a contract for a year's employment. *Griffith v. Sollay Foundation Drilling*, 373 So.2d 979, 982 (La.App. 3d Cir.1979); *Weaver v. Purple Shield Life Insurance Co.*, 356 So.2d 519, 521 (La.App. 1st Cir.1977).

■■■ Palay further asserts that he was employed for a one year term based on a "personal service contract" in which he is listed as Vice President/General Manager. The contract to which Palay refers, however, is the 1983 Sales & Service Agreement between Beech Aircraft and BRAI. This contract can create no contractual rights in favor of Palay as neither Palay nor Beech Holdings is a party to the contract.

Summary judgment "may be granted only if it appears from pleadings, depositions, admissions and affidavits, considered in the light most favorable to the non-moving party, that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Galindo v. Prescision American*, 754 F.2d 1212, 1216 (5th Cir.1985); *United States v. An Article of Drug*, 725 F.2d 976, 984 (5th Cir.1984). The burden is on the moving party to show that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law.

Once this burden has been successfully discharged by the mover, the burden then shifts to the non-moving party to counter the mover's affidavits with opposing affidavits or other competent evidence setting forth specific facts to show that there is a genuine issue of material fact which precludes the court from granting a summary judgment. Federal Rule of Civil Procedure 56(e); *Robin Construction Co. v. United States*, 345 F.2d 610 (3d Cir.1965). The nonmoving party must rebut the mover's affidavits and documentary evidence with "significant probative evidence." *Ferguson v. National Broadcasting Co.*, 584 F.2d 111, 114 (5th Cir.1978).

■■■ In support of its motion Beech has submitted the affidavits of E.F. Sturm, Executive Vice President and General Manager of Beech, and of Ron Lance, Beech's Personnel Manager; the corporate resolution replacing Palay; and, the corporate by-laws. This evidence clearly established that Palay's employment was for an indefinite period, *i.e.*, until a successor was elected and qualified. Beech has further established that a successor was elected and qualified on May 23, 1983.

---

**1.** By-laws of Baton Rouge Aircraft, Inc., Article III, § 3.

**2.** By-laws of Baton Rouge Aircraft, Inc., Article IV, § 2.

■ After considering this evidence set forth by Beech, the Court finds that Beech has discharged its burden of establishing that there is no genuine issue of material fact in dispute. Thus, the burden shifts to Palay to show, through specific facts, that there is a genuine issue of material fact in dispute which would preclude the Court from granting Beech's motion for summary judgment. Palay states in his affidavit in opposition to this motion that Beech did not hire a successor to replace Palay. However, Palay fails to set forth any facts or documentary evidence to support this assertion. Such an assertion is not sufficient to prevent a court from granting summary judgment. *Paw Kadair, Inc. v. Sony Corp.*, 88 F.R.D. 280 (M.D.La.1980), *affd.* 694 F.2d 1017 (5th Cir.1983).

Beech Holding, Inc. has submitted admissible evidence which establishes a prima facie case in favor of summary judgment. Palay has failed to submit any relevant, admissible and probative evidence in rebuttal. The Court thus finds that there is no genuine issue of material fact in dispute, and Beech is entitled to summary judgment as a matter of fact and law.[3]

Therefore:

IT IS ORDERED that the motion of defendant, Beech Holding, Inc., for summary judgment be, and it is hereby GRANTED.

Judgment shall be entered dismissing plaintiff's case with prejudice.

---

**3.** It is not necessary to discuss Palay's claim for alleged reputational injury since such injury is asserted as an element of damage for wrongful termination. *See* paragraph 13 of plaintiff's original state court petition.