535 So.2d 61 (1988)
Roger L. SHORT
v.
COLUMBUS RUBBER AND GASKET COMPANY, INC.
No. 58045.
Supreme Court of Mississippi.
November 30, 1988.
Rehearing Denied December 28, 1988.
*62 Timothy C. Hudson, Sams & Kesler, Columbus, for appellant.
Hunter M. Gholson, Katherine S. Ferguson, Gholson, Hicks & Nichols, Columbus, for appellee.
Before HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
This is a suit by a former corporate president for breach of an alleged one year contract of employment. The trial court granted summary judgment for the corporate employer. Our review convinces us that plaintiff president has established genuine issues of material fact on (a) the existence of the contract for a one year term and (b) whether he breached fiduciary duties to the company. Judgment was summary and premature and must be reversed.

II.

A.
Roger L. Short was first employed by Columbus Rubber & Gasket Company as a warehouse clerk in March of 1975. By September of 1982 he had risen to the office of president of the company. At each annual meeting for the next three years the board of directors reelected Short to the office of president. At each of these annual meetings, Short was also elected to serve as a director of the corporation.
The text of the 1985 resolution which assumes some importance was as follows:
The President then opened the floor for nomination for officers for the ensuing year. Whereupon, the following were elected by acclamation:
President: Roger L. Short
* * * * * *
It was further resolved, that the annual salary be paid to the President to the corporation in the amount of $72,000.00;
... .
In March, 1986, Short was fired. The shareholders resolution removing Short as director and president explains:
Robert H. Griner informed the other stockholders that he had just received information that Roger L. Short, President of the corporation, was attempting to leave the corporation to enter a competing *63 business and was attempting to entice the present employees of the corporation away and to hire them for the new corporation of which he was to be president.
Robert H. Griner further informed the stockholders that he had discovered that the corporation had financially declined steadily over the last few months to the point that the creditors of the corporation were placing it on C.O.D. basis and that its debts had increased dramatically to the detriment of the corporation. Robert H. Griner further informed the other stockholders that there was perhaps other matters that would cause the other officers and directors of the corporation to doubt the ability of Roger L. Short to effectively serve as president of the corporation.
After discussion it was on motion duly made, seconded and carried:
RESOLVED, that Roger L. Short be terminated as President of the corporation and he be removed as a Director of the corporation effective as of the date of this meeting.

B.
This civil action was commenced on April 30, 1986, when Short filed his complaint in the Circuit Court of Lowndes County, naming Columbus Rubber & Gasket Company as defendant. Short alleged that the company had breached his one-year employment contract. Short prayed for damages in the amount of his salary for the unexpired term of his contract. Short also claimed that the company had failed to pay his salary for services rendered in his capacity as president from March 15 (the date of his last paycheck) through March 24, 1986 (the date of his termination).
In answering, the company denied the existence of any employment contract and further denied that Short was entitled to any past or future salary. The company further alleged, by way of counterclaim, that Short had breached his fiduciary duty to the corporation and prayed for damages in the amount of $500,000.00.
In due course thereafter, the company filed a motion for summary judgment and on November 14, 1986, the Court granted the motion. The Circuit Court ruled that the corporate by-laws and Board resolutions of Columbus Rubber & Gasket Company established that Short's employment contract was terminable at will. The Court further found that Short was guilty of a breach of his fiduciary duty to the company.
Short now appeals to this Court.

III.
This Court conducts de novo review of a lower court's grant of summary judgment. Pearl River County Bd. of Supervisors v. South East Collections Agency, Inc., 459 So.2d 783, 785 (Miss. 1984). "The general standard that an appellate court applies in reviewing the grant or denial of a summary judgment motion is the same as that employed by the trial court initially under Rule 56(c)." 10 Wright, Miller & Kane Federal Practice and Procedure § 2716 (1983 and Supp. 1988).
The law governing the grant or denial of a motion for summary judgment is familiar and well established. Fruchter v. Lynch Oil Co., 522 So.2d 195, 198 (Miss. 1988). In Dennis v. Searle, 457 So.2d 941 (Miss. 1984), we explained:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite.
457 So.2d at 944.
In addition, the burden of demonstrating that no genuine issue of fact exists is on *64 the moving party. That is, the non-movant should be given the benefit of every reasonable doubt. Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986).

IV.

A.
The doctrine of employment at will remains afloat in this state though its waters be troubled here and elsewhere. Perry v. Sears Roebuck & Co., 508 So.2d 1086, 1088 (Miss. 1987); Shaw v. Burchfield, 481 So.2d 247 (Miss. 1985); Kelly v. Mississippi Valley Gas Co., 397 So.2d 874, 875 (Miss. 1981). Short makes no attack on that doctrine. Rather, his claim hinges upon his assertion that his employment was for a definite term.
Oral employment contracts for a definite term of less than fifteen months are wholly enforceable at law. Miss. Code Ann. § 15-3-1(d) (1972); Williams v. Luckett, 77 Miss. 394, 396, 26 So. 967 (1899). The case of Lee v. Hampton, 79 Miss. 321, 30 So. 721 (1901), demonstrates the rather casual way that such contracts may come into existence. Hampton claimed that he had served Lee as a plantation manager for eight years pursuant to a series of oral contracts (eight distinct one-year contracts based upon the calendar year). The method of the formation of the one-year contract in dispute was as follows:
Hampton, on the 2nd of January, 1900, or before, applied to know whether Lee desired him to manage his plantation for the year 1900, and that Lee replied, "You can stay if you wish;" That Hampton asked if he would increase his wages, and Lee replied he would not; that this was, in substance, the method of making all previous contracts of service between them...
79 Miss. at 325, 30 So. at 721.
The Court held that the substance of this discussion was of a sufficiently definite nature to create an express one-year contract for employment and affirmed a jury verdict in the employee's favor.
Ross v. Fair, 145 Miss. 18, 22, 110 So. 841, 842 (1927) and Smith Enterprise Co., Inc. v. Lucas, 204 Miss. 43, 50, 36 So.2d 812, 814 (1948) are to like effect.
The claim for a breach of an oral contract for a definite term, if with a basis in fact, takes the case outside the operation of the at will presumption. At the very least, controverted testimony regarding the contemplated length of employment creates an issue of fact as to the existence of an oral contract for a definite term vel non, precluding summary disposition. See Producers Gin Association v. Beck, 215 Miss. 263, 269, 60 So.2d 642, 643 (1952) ("the issue was submitted to the jury on the question whether there was such [an oral one-year] contract"); Magnolia Miss Dress Co., Inc. v. Zorn, 204 Miss. 1, 6, 36 So.2d 795, 796 (1948) (existence of an oral contract for services on a month-to-month basis is a question for the jury); Dyle v. Griffin, 122 Miss. 828, 835, 85 So. 93 (1920) (same); Harris v. Williams, 43 So.2d 364, 365 (Miss. 1949) ("whether there exists a certain oral agreement raises an issue of fact"). At a minimum a party claiming under such a contract must prove (a) the length of the contract and (b) the amount of the salary for the term. See Atlanta Stove Works v. Hamilton, 83 Miss. 704, 35 So. 763 (1901) (enforcing such a written contract; treating additional terms as surplusage).
We recognize treatise authority for the position that enforceable employment contracts need only be stated in a skeletal fashion:
A resolution of the board of directors immediately following the election of a general manager that "the salary of the general manager for the ensuing year is fixed at $2,000.00, payable in monthly installments" is a contract of employment for one year.
2 Fletcher Cyc. Corp. § 337 (Perm.Ed. 1982).
In the instant case, the resolution of the Board of Directors of Columbus Rubber & Gasket Co. dated September 9, 1985, upon which Short relies as evidence of his oral contract, states that Short was elected president "for the ensuing year." A resolution immediately following this election *65 reflects that the Board "further resolved, that an annual salary be paid to the president of the corporation in the amount of $72,000.00."[1] In addition, Short alleges that he had received oral assurances from board members, contractual in nature, setting his term as president of the company for one year.
Short has made out a genuine issue of material fact on the matter of the existence vel non of a one year oral contract of employment. This being the case, the Circuit Court erred when it held, as a matter of law, that Short's employment contract was not for a fixed term. Smith v. H.C. Bailey Co., 477 So.2d 224, 234 (Miss. 1985). "[T]he court cannot try issues of facts on a Rule 56 motion; it may only determine whether there are issues to be tried." Brown v. Credit Center, Inc., 444 So.2d 358, 362 (Miss. 1983) (quoting Comments of the Advisory Committee); see also Shaw v. Burchfield, 481 So.2d 247, 252 (Miss. 1985).

B.
Notwithstanding any factual dispute regarding the existence of an oral contract for a fixed term, the employer may still prevail if it can demonstrate that a defense to the suit exists which would entitle it to judgment as a matter of law. Hudson v. Rausa, 462 So.2d 689, 696 (Miss. 1984).
The company argues that, even if there existed an oral contract for the specified term of one year, such a contract was void in that it was beyond the authority of the board of directors as expressed in the by-laws of the corporation. Further, the company asserts that the enforcement of such an oral contract for a stated term would be in contravention of the Mississippi Corporations Act.
The by-laws of Columbus Rubber & Gasket Co. state that officers 
may be removed at any time, with or without cause, by the affirmative vote of a majority of the whole board of directors, or by a majority of the number of shares of voting stock of the corporation outstanding at the time.
By-laws of Columbus Rubber & Gasket Co. § 20.
This Court has never passed on the defense that an employment contract for a specified term is contrary to the corporate by-laws or charter. The point has frequently arisen in other states in actions by officers against the corporate employer for wrongful termination of the employment contract.[2] With near uniformity, such defenses have been rejected. Hill v. American Co-operative Ass'n, 195 La. 590, 197 So. 241, 246 (1940); Realty Acceptance Corp. v. Montgomery, 51 F.2d 636, 639 (3d Cir.1930); Cuppy v. Stollwerck Bros., 216 N.Y. 591, 111 N.E. 249, 251 (1916); see also Bank of Holly Springs v. Pinson, 58 Miss. 421, 438-39 (1880).
The employer's reliance upon the Mississippi Corporations Act is equally unavailing. Although since supplanted by the adoption of the Revised Model Business Corporations Act in this State, the pertinent section of the Code in force at the time and relied upon by the company reads as follows:
Any officer or agent may be removed by the board of directors, whenever in its judgment the best interest of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.
Miss. Code Ann. § 79-3-97 (1972).
Provisions identical to this section of the Mississippi Corporations Act exist in all states adopting the Model Business Corporations *66 Act (Section 79-3-97 corresponds to MBCA § 45). While this Court has yet to pass upon the precise meaning of this statute, numerous courts, both federal and state, have addressed its significance. Summarizing the import of the language of this section upon such actions, one leading authority has stated:
Several jurisdictions and the Model Business Corporation Act provide that any officer or agent may be removed by the board of directors whenever in its judgment the best interests of the corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights. It is held that a by-law authorizing the board of directors to remove a director or officer does not authorize it to terminate a contract with a general manager or other officer whom it has employed for a definite term; and the fact that such manager had been elected a director is immaterial, where such election was in pursuance of his contract of employment, since it did not supersede and render the contract, which was for a definite term, terminable at will.
2 Fletcher Cyc. Corp. § 355, at p. 162 (Perm.Ed. 1982).
The Supreme Court of the State of Washington was presented with an action factually identical to the one before the Court today in the case of Hansen v. Columbia Breweries, Inc., 12 Wash.2d 554, 122 P.2d 489 (1942). The plaintiff in Hansen claimed damages for the unexpired term of an oral one-year contract. The defendant brewery interposed MBCA § 45 in defense. The Hansen court reasoned that, while a board of directors is empowered under the statute to remove an officer at its pleasure, the statute could not be construed so as to "jeopardize the contract rights which exist between the discharged officer or employee and the corporation." 122 P.2d at 492. See also United Producers and Consumers Co-operative v. Held, 225 F.2d 615, 618 (9th Cir.1955); and McKinney v. Gannett Co., Inc., 660 F. Supp. 984, 1002, 1004-05 (D.N.M. 1981), aff'd 817 F.2d 659, 668 (10th Cir.1987). The point of these cases is that, while a by-law or statute may empower the board of directors to strip an officer of his title and corporate authority, it does not follow that the board is also empowered to disregard contractual obligations with impunity.
In short, if Short can establish that his employment at Columbus Rubber & Gasket Co. was pursuant to a series of one-year contracts (a fact question as matters stand), neither the corporate by-laws nor the Mississippi Corporations Act affords to the company a defense. At the very least, this is not a defense upon which summary judgment may be predicated.

C.
In its "Findings of Fact and Conclusions of Law", the Circuit Court found that Short was guilty of a breach of his fiduciary duty to Columbus Rubber & Gasket Co. and was therefore discharged for cause.
An employer may discharge an employee (even one hired for a definite term) without incurring liability if just cause exists for terminating the employment contract. Masonite Corp. v. Handshoe, 208 Miss. 166, 44 So.2d 41, 43 (1950). It is not necessary for the employer to assign any specific grounds at the time of dismissal; simply that such grounds existed at the time of discharge.
The inquiry on trial is, had the employee been unfaithful at the time of the discharge? If yea, it would be remarkable, indeed, if he should be permitted, in a court of justice, to say: `True, I was unfaithful, and merited my discharge, but my employer did not know then of my unfaithfulness, and I must be recompensed in damages for my proper discharge because of my employer's ignorance of my misconduct.'
Odeneal v. Henry, 70 Miss. 172, 12 So. 154, 155 (1892).
In the case before the Court today, the employer characterizes Short's conduct as "corporate treason", alleging that Short formed a competing enterprise and attempted *67 to recruit Columbus Rubber & Gasket employees to work for his newlyformed business; purchased equipment and supplies for this competitor from company funds; and neglected his duties as president because of this outside interest.
Short denies that during his tenure as president of Columbus Rubber & Gasket Co. he made any efforts to organize a competing business other than mere discussion and speculation. He admits that he had been involved in the incorporation of American Hydraulics, Inc. (the alleged competing enterprise), but that this was done prior to his promotion in 1982 and that the Company was voluntarily dissolved soon thereafter. Finally, Short claims that any actions taken by him that the board now asserts were wasteful or detrimental to Columbus Rubber & Gasket Co. were in fact dictated by the misguided business policies of the board of directors itself.
Suffice it to say that, between the company's allegations and Short's recriminations, there are myriad factual disputes left unresolved by the many exhibits and affidavits in the record of this case. Issues relating to whether the conduct of a party results in a breach of contract are best left to trial. Wright v. Stevens, 445 So.2d 791, 794-95 (Miss. 1984). In most cases, the question of whether an officer exercised his best efforts for the benefit of his employer is exclusively within the province of the finder of fact. Madreperla v. Willard Co., 606 F. Supp. 874, 878 (E.D.Pa. 1985); Lowell v. Twin Disc, Inc., 527 F.2d 767, 771-72 (2nd Cir.1975). Especially considering the employer's $500,000.00 counterclaim against Short for breach of fiduciary duty, the Circuit Court's factual finding that Short abused his position of trust is premature and must be set aside.

V.
When Short was relieved of his duties in March, 1986, the Company refused to pay him for any work performed between March 15 and March 24. Columbus Rubber & Gasket Co. claims that, because Short was in breach of his fiduciary duty to the company during this period (and guilty of "corporate treason"), its duty to compensate Short was thereby suspended.
The general rule is that an employer is not obligated to continue to pay the salary of an employee who has been demonstrated to be dishonest or disloyal:
The salary forfeiture was limited to the period during which the court found that he breached his fiduciary duties.
* * * * * *
[A]n agent is entitled to payment for all work properly rendered during specific pay periods or for specific items of work "even if, because of unfaithfulness or insubordination the agent forfeits his compensation for subsequent periods or items." Restatement (Second) of Agency 456, Comment (b) (1950).
ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc., 90 Ill. App.3d 817, 46 Ill.Dec. 186, 201, 413 N.E.2d 1299, 1314 (1980). Under these general principles of agency, the suspension of the company's duty to pay salary must be predicated upon a showing of the employee's breach of duty, fiduciary or otherwise. Since the issue as to whether Short was indeed guilty of a breach of any duty to his employer must be submitted to a jury, the Circuit Court's grant of summary judgment on this issue must also be set aside. If upon trial the Court should find that, during the relevant pay period (March 15-24, 1986), Short was engaged in activities detrimental to his employer and in breach of his contract of employment, then the proper predicate would exist to cause a forfeiture of his salary for this period.

VI.
In sum, we hold that the Circuit Court erred when it entered judgment summarily in favor of Columbus Rubber and against Short. That judgment is reversed and this case is remanded to the Circuit Court with instructions that it be restored to the active docket of that court for further proceedings as may be appropriate as though the motion for summary judgment had been denied.
REVERSED AND REMANDED.
*68 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ. and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] This method of electing officers differs markedly from that found in Palay v. Beech Holdings, Inc., 627 F. Supp. 144 (M.D.La. 1985), where the district court held that a resolution electing an officer "for the ensuing year and/or until [his] successor shall have been duly elected and qualified" empowered the board of directors to terminate the officer's employment before the end of the one-year term (without incurring liability) by simply electing a replacement. 627 F. Supp. at 146.
[2] See Note, Removal Without Cause of Corporate Executives Under Agreement, 109 U.Pa.L.Rev. 224, 228-31 (1960).