# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 97-CA-00971-COA

### CONSOLIDATED WITH

### NO. 97-CA-01053-COA

### CONSOLIDATED WITH

### NO. 97-CA-01161-COA

**KARIN KING THOMPSON**                                                      **APPELLANT**

**v.**

**CARLOS S. PATINO, M. D., JOHN P. GORECKI, M. D., AND ST. DOMINIC-JACKSON MEMORIAL HOSPITAL**                              **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/05/1997 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| FOR APPELLANT: | BARRY W. GILMER |
| ATTORNEYS FOR APPELLEES: | JOHN RICHARD MAY JR., CHRISTOPHER SHAPLEY |
| | STEPHEN P. KRUGER, JAN F. GADOW |
| | GEORGE QUINN EVANS |
| | CHRISTOPHER A. SHAPLEY |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED AS TO ALL DEFENDANTS |
| DISPOSITION: | AFFIRMED - 5/18/99 |
| MOTION FOR REHEARING FILED: | 6/1/99; denied 09/07/99 |
| CERTIORARI FILED: | 09/21/99; granted 12/09/99 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., KING, P.J., AND DIAZ, J.

KING, P.J., FOR THE COURT:

¶1. Karen King Thompson has appealed from an order of the Hinds County Circuit Court, First Judicial District, granting summary judgment in favor of the appellees, Carlos S. Patino, M.D., John P. Gorecki, M.D., and St. Dominic-Jackson Memorial Hospital. Ms. Thompson's appeal presents two questions for resolution by this court:

**1. Whether Appellant seasonably supplemented her responses to interrogatories regarding expert witnesses.**

**2. Whether the trial court erred in granting Dr. Patino's motion for summary judgment.**

## Facts

¶2. On February 9, 1993, Karen King Thompson underwent neurological surgery at St. Dominic-Jackson Memorial Hospital. The surgery was performed by Dr. John P. Gorecki and Dr. Carlos S. Patino served as the anesthesiologist. Ms. Thompson experienced unacceptable complications following the surgery such as a severely swollen tongue, cardiac arrest, and having to undergo an emergency tracheotomy performed to save her life. Believing that her complications were the result of malpractice, on February 16, 1994, Ms. Thompson filed a lawsuit in the First Judicial District of the Hinds County Circuit Court and named Dr. Patino, St. Dominic, and ten unnamed individuals as defendants.[1] The following chronology sets forth the documents filed in this matter:

¶3. On March 11, 1994 and March 15, 1994, St. Dominic and Dr. Patino, respectively, served Ms. Thompson with interrogatories and requests for production of documents. One of Dr. Patino's interrogatories requested that Ms. Thompson name the experts which she intended to call at trial and state his opinion.

¶4. On May 16, 1994 and June 8, 1994, St. Dominic and Dr. Patino filed motions to compel discovery. On June 17, 1994, the trial court ordered Ms. Thompson to respond to discovery within seven days.

¶5. On June 24, 1994, Ms. Thompson served St. Dominic and Dr. Patino with her responses to their interrogatories and named Drs. Bernard Patrick and William Causey as expert witnesses but failed to state what their opinions would be.

¶6. On July 14, 1994, Ms. Thompson moved the trial court to extend discovery. On September 25, 1995, the trial court entered an order extending discovery for 90 days.

¶7. On October 18, 1996, Ms. Thompson moved the trial court for a second extension of discovery. The trial court denied this second request and discovery formally ended on December 23, 1996.

¶8. On February 4, 1997, Dr. Patino filed a motion to dismiss, or alternatively, motion for summary judgment. Prior to the filing of Dr. Patino's motion, Ms. Thompson had not yet supplemented her responses to interrogatories.

¶9. On February 10, 1997, Ms. Thompson supplemented her responses to interrogatories to St. Dominic and Dr. Patino.

¶10. On February 18, 1997, Dr. Patino filed a motion to strike Ms. Thompson's supplemental responses.

¶11. On February 21, 1997, Ms. Thompson filed the affidavit of Dr. Herbert Ferrari, her expert witness, which alleged that Dr. Patino breached the duty of care owed to Ms. Thompson.

¶12. On March 7, 1997, the trial court granted Dr. Patino's motion to strike Ms. Thompson's supplemental responses.

¶13. On July 19, 1997, the trial court granted final judgment as to Dr. Patino.

¶14. On August 5, 1997, the trial court granted final judgment as to Dr. Gorecky.

¶15. On August 13, 1997, the trial court granted final judgment as to St. Dominic.

## Standard of Review

¶16. Trial courts have considerable discretion in discovery matters and their decisions will not be overturned unless there is an abuse of discretion. *Dawkins v. Redd Pest Control Co.*, 607 So. 2d 1232, 1235 (Miss. 1992).

## Discussion

### I. WHETHER APPELLANT SEASONABLY SUPPLEMENTED HER RESPONSES TO INTERROGATORIES REGARDING EXPERT WITNESSES.

¶17. Ms. Thompson alleges that the trial court committed reversible error when it struck her answers to interrogatories propounded by St. Dominic and Dr. Patino. Ms. Thompson argues that her initial answers to the interrogatories propounded by St. Dominic and Dr. Patino fully complied with Mississippi Rules of Civil Procedure 33 and 26. We disagree.

¶18. Mississippi Rule of Civil Procedure 33 reads in pertinent as follows:

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories, except that a defendant may serve answers or objections within forty-five days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

¶19. Mississippi Rule of Civil Procedure 26(f) reads as follows:

(f) Supplementation of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to (A) the identity and location of persons (i) having knowledge of discoverable matters, or (ii) who may be called as witnesses at the trial, and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

¶20. "We have held 'seasonable supplementation' to mean soon after new information is known and far enough in advance of trial for the other side to prepare." *Robert v. Colson*, 97-CA-01084-SCT (¶ 4) (Miss.1999). "Seasonably does not mean several months later. It means immediately." *Nichols v. Tubb*, 609 so. 2d 377, 389 (Miss. 1992).

¶21. In the case at bar, Ms. Thompson was served with interrogatories on March 11, 1994 and March 15, 1994, from St. Dominic and Dr. Patino, respectively. Having not received the answers to his interrogatories by the April 15, 1994 due date, on June 1, 1994, pursuant to M.R.C.P. 34, Dr. Patino filed a motion to compel Ms. Thompson to respond to his interrogatories. On June 17, 1994, the trial court ordered Ms. Thompson to respond to the interrogatories within seven days. On June 25, 1994, Ms. Thompson answered Dr. Patino's interrogatories.

¶22. Seeking the names of expert witnesses to be called at trial, Dr. Patino had submitted the following interrogatory to Ms. Thompson:

INTERROGATORY NO. 1: Identify each person you expect to call as an expert witness at the trial of this cause, and for each person listed, state the following:

a. the expert witness's name, occupation, residence and business addresses;

b. the subject matter about which the expert is expected to testify;

c. the substance of the facts and opinions about which the expert is expected to testify; and

d. a summary of the grounds for each opinion.

¶23. Ms. Thompson submitted her answer which read as follows:

ANSWER TO INTERROGATORY NO. 1: All medical personnel as shown by the medical records, particularly Dr. Bernard Patrick and Dr. William Causey. Each medical provider will testify consistent with the information contained in the medical records.

¶24. On July 14, 1995, Ms. Thompson moved for an extension of time. On September 25, 1995, the trial court granted Ms. Thompson's motion and extended the discovery period through December 25, 1995. During this period, Ms. Thompson conducted several depositions and consulted with at least two additional medical experts, Drs. William Wilson and Herbert Ferrari, but did not supplement her responses to Interrogatory No. 1.

¶25. On October 18, 1996, twenty months after the filing of the lawsuit, Ms. Thompson moved for another extension of time in which to complete discovery. On December 23, 1996, the trial court denied Ms. Thompson's motion for extension of time thereby ending the discovery period.

¶26. On February 4, 1997, Dr. Patino filed a motion to dismiss or in the alternative for summary judgment.

¶27. On February 10, 1997, two months after the trial court had declared discovery over, Ms. Thompson supplemented her interrogatory responses and named Dr. Ferrari as an expert witnesses to be called at trial and provided the substance of his opinion.

¶28. On February 18, 1997, Dr. Patino filed a motion to strike Ms. Thompson's supplemental answers.

¶29. During the hearing on Dr. Patino's motion to strike the supplemental responses to the interrogatories, Ms. Thompson explained that she had not supplemented her expert witness interrogatories because she was anticipating the receipt of medical journal articles which she learned of from Dr. Gorecky during a September 1996 deposition that would have possibly provided an absolute defense for Dr. Patino. Additionally, Ms. Thompson reminded the trial court that her counsel's office was destroyed by fire requiring that her entire file be reconstructed.

¶30. The trial court found these reasons to be unpersuasive and granted Dr. Patino's motion to strike the supplemental interrogatory responses. Specifically, the trial court thought it unreasonable that Ms. Thompson would delay supplementation of her discovery responses based on a co-defendant providing her with exculpatory evidence for yet another co-defendant. Furthermore, the trial court found that Ms. Thompson's counsel's office was damaged by fire ninety days after she deposed Dr. Gorecky. During this period, Ms. Thompson failed to "seasonably supplement" her discovery responses.

¶31. The trial court found that Ms. Thompson selected her expert witness more than two and a half years prior to the trial court's order compelling her to answer the defendant's first set of interrogatories. Additionally, the trial court granted one motion to extend discovery. It was not until after Dr. Patino filed his motion for summary judgment that Ms. Thompson disclosed the name of her experts, almost three years after the original complaint was filed.

¶32. In making its decision to strike the plaintiff's discovery responses, the trial court weighed the extenuating circumstances surrounding the case such as the fire which destroyed Ms. Thompson's counsel's law office on November 22, 1996, requiring that her entire file be reconstructed. However, the lawsuit had been filed on February16, 1994 and interrogatories and requests for production of documents were initially served on March 11, 1994 (St. Dominic) and March 15, 1994 (Dr. Patino). Ms. Thompson argues that Dr. Patino slumbered and did not file any documents for months. It is the responsibility of the plaintiff to prosecute his claim. *See* M.R.C.P. 41. After the trial court declared discovery over, Dr. Patino filed his motion to dismiss or in the alternative for summary judgment one month later. Ms. Thompson's supplementation of her interrogatory answers was filed two months after the trial court declared that the discovery period had expired. Dr. Patino filed his motion to strike eight days later. Consequently, it cannot be said that Dr. Patino slumbered.

¶33. In summary, Ms. Thompson requested an extension of discovery 292 days after the deadline which was denied. Two months after this motion was denied, Ms. Thompson finally filed her supplemental responses.

¶34. This Court holds that under the facts of this case, the trial court did not abuse its discretion in striking Ms. Thompson's supplemental responses as untimely.

## II. WHETHER THE TRIAL COURT ERRED IN GRANTING DR. PATINO'S, MOTION FOR SUMMARY JUDGMENT.

## Standard of Review

¶35. This Court employs a *de novo* standard of review of a trial court's grant of summary judgment. *Short v. Columbus Rubber & Gasket Co., Inc.*, 535 So. 2d 61, 63 (Miss. 1988). All evidentiary matters before the Court must be considered in the light most favorable to the non-moving party. *McFadden v. State*, 580 So. 2d 1210, 1214 (Miss. 1991).

## Discussion

¶36. Ms. Thompson argues that the grant of summary judgment was based upon Dr. Patino's "untimely" motion to strike. Our review of the record reveals that Dr. Patino filed his motion to strike Ms. Thompson's supplemental answers eight days after it was received. Clearly, Dr. Patino's motion was not untimely.

¶37. "As a general matter of Mississippi law, summary judgment should only be issued where the moving party successfully demonstrates to the Court that no genuine issues of material fact exists from the record and he is entitled to judgment as a matter of law." *Drummond v. Buckley*, 627 So. 2d 264, 267 (Miss. 1993)(citations omitted). A plaintiff in a medical malpractice action must establish the failure of the defendant physician to adhere to the minimum standard of care by the use of expert testimony. *Id*. at 268.

¶38. In order to rebut the defendants's claim of no genuine issue of material fact, Ms. Thompson bore the burden of producing evidence which tended to show that St. Dominic and Drs. Patino and Gorecky breached each of their respective standards of care and that the breach proximately caused her injury. *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990). That burden is satisfied by the non-movant providing, by testimony under oath, specific facts showing that there are indeed genuine issues for trial. *Fruchter v. Lynch Oil Co.*, 522 So.2d 195, 199 (Miss. 1988)(citation omitted). Because Ms. Thompson failed to support her motion in opposition to summary judgment with supporting affidavits from a medical expert, the defendants were entitled to summary judgment as a matter of law.

¶39. This Court finds that the trial judge did not commit reversible error in granting the defendant's motion for summary judgment.

**¶40. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.**

1. On February 10, 1995, Ms. Thompson amended her complaint and named Dr. Gorecki as a defendant.