IRVING, J„
for the Court.
¶ 1. De’Lisa George sued W.W.D. Automobiles, Inc. (doing business as Tom Wa-dler Nissan), Richard Stephney, and Leonardo Weatherspoon,[1] alleging malicious *960 prosecution. After discovery, the Appel-lees filed a motion for summary judgment, which the trial court granted. Aggrieved, George appeals and asserts that the trial court erred in granting summary judgment.
¶ 2. We find that the trial court erred in granting summary judgment. Therefore, we reverse the trial court’s judgment and remand for further proceedings consistent with this opinion.
FACTS
¶ 3. In June 2001, George went to Tom Wadler Nissan to purchase a vehicle. Since her primary concern was financing, George did not begin shopping for a vehicle until after her credit application was approved. Ultimately, George decided to purchase a 2000 Ford Taurus. She made a $1,000 down payment on the vehicle and received a bill of sale, application for certificate of title, retail agreement to provide insurance, odometer disclosure statement, arbitration agreement, retail installment contract, and a customer’s purchase order. The car was placed in her possession under a conditional delivery agreement that allowed her to take possession of the vehicle prior to actual purchase contingent upon the following conditions: (1) George entering into a retail installment contract, and (2) the dealer assigning or selling the retail installment contract to a third-party lending institution on terms and conditions acceptable to the dealer. The agreement further provided that, in the event that Tom Wadler Nissan was not able to sell or assign the retail installment contract, the dealership reserved the right to cancel the sale of the vehicle to George. George agreed to return the vehicle to Tom Wa-dler Nissan within twenty-four hours of any written or oral notice that the dealership had been unable to sell or assign the retail installment contract.
¶ 4. Shortly thereafter, problems arose with financing the vehicle. Tom Wadler Nissan informed George that it could not obtain financing for her and made numerous requests for her to return the vehicle. Based on the belief that she had finalized the purchase of the vehicle and on advice of counsel, George chose not to return the vehicle and, instead, decided to await notification regarding her right to arbitrate any dispute arising from the purchase of the vehicle. Due to her refusal to return the vehicle, Tom Wadler Nissan instituted a criminal action against George by executing an affidavit charging her with unauthorized use of a vehicle in violation of Mississippi Code Annotated section 97-17-61 (Rev.2000).
¶ 5. A warrant was issued by a municipal court, and George was arrested at her job in the presence of her co-workers. She was handcuffed, and she watched while her vehicle was repossessed. George was taken to the police station, where she was fingerprinted, photographed, and placed in a holding cell. George was required to post a bond and to retain a lawyer to represent her in a municipal court trial. Ultimately, the ease was dismissed because it was determined that the alleged offense was civil in nature, and not a criminal matter.
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
STANDARD OF REVIEW
¶ 7. “For a summary judgment motion to be granted, there must exist no genuine issue of material fact, and the moving party must be entitled to a judgment as a matter of law.” Corey v. Skelton, 834 So.2d 681, 684(¶ 7) (Miss.2003) (quoting M.R.C.P. 56(c)). Appellate courts conduct a de novo review of a trial court’s grant of summary judgment. Id. (citing Short v. *961 Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss.1988)). We must examine all evidentiary matters before us, such as admissions in pleadings, answers to interrogatories, depositions, and affidavits, in the light most favorable to the party against whom summary judgment is made. Id. (citing McFadden v. State, 542 So.2d 871, 874 (Miss.1989)). “If any triable issues of fact exist, the lower court’s decision to grant summary judgment will be reversed.” Id. (citing Miller v. Meeks, 762 So.2d 302, 304(¶ 3) (Miss.2000)).
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. The elements of the tort of malicious prosecution are:
(1) The institution of a proceeding
(2) by, or at the insistence of the defendant
(3) the termination of such proceedings in the plaintiffs favor
(4) malice in instituting the proceedings
(5) want of probable cause for the proceedings [2]
(6) the suffering of injury or damage as a result of the prosecution.
McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973(¶8) (Miss.2001) (citations omitted). “These elements must be proven by a preponderance of the evidence.” Id. (citing Van v. Grand Casinos of Miss., Inc., 724 So.2d 889, 891(¶ 8) (Miss.1998)).
¶ 9. At the hearing on their motion for summary judgment, the Appellees conceded that elements one, two, and three above were present in George’s cause of action. However, in their brief to this Court, the Appellees contend that George cannot prove that the prosecution terminated in her favor because the “case was not tried on the merits but was dismissed upon agreement by Tom Wadler Nissan.”[3] We disagree. “The termination requirement is met when the action is either abandoned by the prosecuting attorney or by the complaining witness.” Strong v. Nicholson, 580 So.2d 1288, 1293 (Miss.1991). Therefore, element three of the tort of malicious prosecution was established when Tom Wadler Nissan dismissed the case. Having found that George has satisfied the first three elements of the tort, we limit further discussion to whether George produced sufficient evidence to establish the remaining three elements of malicious prosecution.[4]

1. Malice

¶ 10. The Appellees contend that there was absolutely no evidence that they acted with any malice in instituting the proceedings against George. They argue that they reasonably believed that George was not entitled to possession of the vehi- *962 ele once they requested the return of the vehicle after financing was not obtained. The Appellees further argue that they attempted several less drastic measures to retrieve the vehicle before eventually executing the affidavit charging George with unauthorized use of the vehicle.
¶ 11. Malice in relation to malicious prosecution “connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice; as such, it refers to the defendant’s objective, not his attitude.” Strong, 580 So.2d at 1293 (citations omitted). In Strong, the Mississippi Supreme Court held that malice existed where the defendants freely admitted that their lone purpose in instituting criminal proceedings against the plaintiffs was to “get their stuff back.”[5] Id.
¶ 12. The Appellees’s motive for instituting criminal proceedings in the instance case is analogous to the defendants’s motive in Strong. The following deposition testimony of Ward, general manager of Tom Wadler Nissan, reveals the dealership’s sole objective in instituting criminal proceedings against George:
Q. Do you know whether or not you signed the affidavit against Ms. George?
A. I don’t remember, but I would assume I did.
Q. What makes you assume that you did?
A. Because I was the general manager at the time.
Q. Okay. And what was the purpose of you signing an affidavit against Ms. George?
A. To get the car back.
Q. Okay. Did you want her to be prosecuted?
A. No.
Q. Did you want her to be arrested?
A. Uh-uh.
Q. Pardon me?
A. No.
Q. Did you want to have her put in jail?
A. No.
Q. Did you understand that by signing the affidavit she could be arrested, prosecuted, and put in jail?
A. Yes.
Q. Did you know that at the time?
A. I would assume I knew it. I don’t remember to be honest with you. At that point in time, I was just strictly trying to get the car back.
(emphasis added).
¶ 13. Like the defendants in Strong, the Appellees concede that their lone purpose *963 was to get the vehicle back. Ward unequivocally testified that he was not interested in bringing George to justice, a fact further evidenced by the dealership’s dropping of the charge once it regained possession of the vehicle. Based upon these facts, a jury could easily make a finding of malice. Therefore, a material issue of fact exists as to whether the Appellees instituted the prosecution against George for a purpose other than to bring her to justice.

2. Probable Came

¶ 14. George argues that a jury could reasonably find that there was no probable cause for the Appellees initiation of criminal charges against her for unauthorized use of a vehicle. We agree. In reference to probable cause, we look to the facts reasonably available to the Appellees at the time the malicious prosecution was initiated. Strong, 580 So.2d at 1294. “Probable cause requires the concurrence of (1) a subjective element — an honest belief in the guilt of the person accused, and (2) an objective element — reasonable grounds for such beliefs.” Id. (citing Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1190 (Miss.1990)). “The question in the end is not whether the defendant thought he had probable cause, but whether the fact-finder thinks he did.” Id.
¶ 15. George was charged with violating Mississippi Code Annotated section 97-17-61 (Rev.2000). The statute states in pertinent part:
Any person who shall, without consent of the owner or his agent, take away any .... automobile, truck or other motor vehicle, where such taking and carrying away shall not amount to larceny, shall upon conviction, be fined not exceeding one thousand dollars ($1,000), or be imprisoned not exceeding one (1) year in the county jail, or both.... This section shall not apply to anyone who takes such property believing, in good faith, that he has a right to it.
(emphasis added).
¶ 16. The statute requires a taking and carrying away of an automobile without the consent of its owner. Here, there clearly was not a taking and carrying away of the vehicle. Notwithstanding the conditional delivery agreement, the vehicle was nevertheless placed in George’s possession. Moreover, Tom Wadler Nissan provided George with relevant documents which clearly demonstrated some indicia of ownership. George did not take and carry away the vehicle “without the consent of the owner.” At the least, the facts and evidence on this element present triable issues of fact to be determined by a jury.

S. Damages

¶ 17. The Appellees contend that the circuit court correctly granted summary judgment because George cannot prove that she sustained any damages as a result of the prosecution. George counters that the Appellees’s contention is simply false. According to George, she suffered humiliation, anxiety, nervousness, and crying spells as a result of her arrest and subsequent trial in municipal court. George also testified that she was the subject of gossip in her community, and that she suffered embarrassment when repeatedly asked about the incident by her family and peers. George also stated that she sought the advice of a therapist and that her ability to work was affected as a result of the ordeal. Furthermore, George testified that she feared applying for future employment because of having to disclose that she had been arrested. Additionally, a jury could conclude that George suffered some damages resulting from the mental anguish and distress associated with the possibility of having to pay a *964 hefty fine, the possibility of serving at least one year in jail, or both.
¶ 18. Therefore, the merits of George’s assertion of damages amounts to a triable issue of fact to be determined by a jury.
¶ 19. In short, we find that genuine issues of material fact exist. Therefore, we reverse the lower court’s grant of summary judgment and remand this case for a trial on the merits.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. For clarity, the Defendants in the court below will be collectively referred to as “the Appellees.”

.The lower court granted the Appellees’s motion for summary judgment because it found that "no issue had been created as to the 'lack of probable cause' element of malicious prosecution.” The basis for the court's ruling was that: (1) the Appellees had an honest belief that George was guilty of "unauthorized use of a vehicle,” (2) the fact that George’s initial possession of the vehicle was lawful did not change the fact that she "effectively took the car without authority after financing was not obtained,” (3) the Appellees were reasonable in believing that George had no intentions to return the car, and (4) the municipal court judge who signed the warrant and the police officer involved in the case both believed that George was guilty of the charged offense.

. Steve Ward, general manager of Tom Wa-dler Nissan, agreed not to pursue the case because he already had the vehicle back in his possession.

. It is uncontradicted that there was an institution of a proceeding against George by W.W.D. Automobiles. Therefore, the first two elements of malicious prosecution were clearly established.

. In Strong v. Nicholson, Strong offered to buy a boat from Nicholson for $18,500. The parties agreed that Strong would pay no money down, would obtain immediate use of the boat, and would make a first payment of $6,000 by a certain date. Strong, 580 So.2d at 1290. Nicholson executed an "as is" bill of sale; in exchange, Strong gave a ship mortgage evidencing the debt and giving Nicholson repossession rights in the event of nonpayment. Id. Strong never paid Nicholson any amount towards the purchase. As a result, Nicholson, with the assistance of her brother, Edward Ellis, attempted to repossess the boat by securing the boat and its contents with a "no trespassing” sign. Id. at 1291. Strong, attempting to retrieve personal items that he had left on the boat, went before a justice court clerk and swore out an affidavit charging Nicholson and Ellis with grand larceny. Id. Strong testified that his motive in instituting the action was to "get his stuff back.” Id. Nicholson and Ellis were arrested and had to post bond. They also had to obtain the services of an attorney. Id. at 1292. When the charges were presented in justice court, Strong did not appear and the charges were dismissed. Id. Thereafter, Nicholson and Ellis sued for malicious prosecution. Id.