726 So.2d 1292 (1998)
Judy Scarborough Warren MEEK, Appellant,
v.
Edward Taliaferro WARREN, Appellee.
No. 97-CA-01444 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*1293 Patrick M. Rand, Canton, Attorney for Appellant.
Jerry K. Baldwin, Raleigh, Attorney for Appellee.
Before THOMAS, P.J., and COLEMAN and HINKEBEIN, JJ.
HINKEBEIN, J., for the Court:
¶ 1. This domestic relations case involves an appeal by Judy Scarborough Meek [hereinafter Meek] from a Madison County Chancery Court order terminating the child support obligation of her former husband, Edward Taliaferro Warren [hereinafter Warren], due to their daughter, Jennifer, having attained the age of majority. Though Meek concedes that support payments were properly discontinued, she challenges the chancellor's interpretation of a provision contained within the couple's 1981 property settlement agreement and incorporated into the final divorce decree by which Warren contracted to "pay all educational expenses of the minor child including the expenses incurred by the minor child in obtaining such appropriate college and professional degrees as the child may choose, even after the child shall reach the age of majority."[1] The chancellor determined that Warren should continue to pay only for costs directly associated with Jennifer's education: tuition, room, board, books and lab fees. However, Meek argues that the provision's use of the term "including" reflects the parties' intent that all expenses incurred by Jennifer during her scholastic pursuits, whether arguably educational or not, be covered. The unstated thrust of her argument is that Warren's responsibility for all his daughter's basic living expenses should, for the time being, continue. Meanwhile she specifically contends that he contractually obligated himself to pay for additional items including, but not limited to, transportation, clothing, a computer, preparatory classes for entrance into graduate school, and miscellaneous supplies such as pens and paper. The issue presented today is where should the line be drawn.
¶ 2. Legally, a parent is relieved of the duty to support his child once the child is emancipated whether by attaining the age of majority or otherwise.[2]Nichols v. Tedder, 547 So.2d 766, 770 (Miss.1989). A trial court has absolutely no authority to order child support in any form, "whether regular, college expenses, or otherwise," to continue in effect past this point. Id.; Stokes v. Maris, 596 So.2d 879, 882 (Miss.1992). But where, as here, a parent contracts to pay post-emancipation support in the form of educational expenses, he is bound by his contract. Crow v. Crow, 622 So.2d 1226, 1230 (Miss.1993). As to this there is no present dispute. Rather, it is a perceived indefiniteness in the subject agreement that creates the dissension. See Rogers, 662 So.2d at 1115 (urging that such agreements be precisely drafted, especially in terms of time limitations and scholastic performance standards).
¶ 3. Because the resolution must be reached via the interpretation of a divorce judgment, our task is to view the terms of the document, find their legal meaning, and adjudge their enforceability. Webster v. Webster, 566 So.2d 214, 216 (Miss.1990). The familiar manifest error/substantial evidence *1294 rules have no application to such questions of law. Id. Consequently, our review is de novo, provided only that we read the entire settlement agreement/divorce judgment and in the best light possible, attributing to its provisions the most coherent and reasonable scheme they may yield. Id. However, we remain cognizant that our authority is circumscribed in that we may not provide through the pretense of interpretation that not directly or impliedly a part of the text we interpret. Id.
¶ 4. We do not find the words selected by these parties to be particularly enlightening. The phrasing employed merely begs the questionexactly what is encompassed within "educational expenses." Experience tells us that institutional charges are often overshadowed by other, related costs such as those associated with maintaining a separate residence at school. Recognizing this, the Mississippi Supreme Court has previously noted that the strictest interpretation of college education necessities may work to destroy the original provision's effectiveness. Wray v. Langston, 380 So.2d 1262, 1264 (Miss.1980). However, the court has thus far not been called on to address the issue with any appreciable degree of specificity. Forced to look to other jurisdictions for guidance, we find the general rule among the few states that have considered the question to be that only tuition, room and board, and fees should be included, with all expenditures tempered by reasonableness under the circumstances. See, e.g., Wiegand v. Wiegand, 349 Pa. 517, 37 A.2d 492, 495 (Pa.1944). We are persuaded by the underlying rationale in these opinions, that a direct educational link should serve to cut-off the parental obligation short of wholesale post-majority support. Especially since this is something which Warren opted not to bind himself to, we follow this approach in the case sub judice. This leads us to give the chancellor's order our qualified endorsement, noting only that we view the term "lab fees" to include all those additional, miscellaneous fees and supplies required for Jennifer's successful completion of her studies. In this day and age one would encounter great difficulties in completing post-graduate course work without, for example, the benefit of a personal computer. But, with reasonableness as our guide and in the absence of any indication that the parties intended the contrary, we refuse to burden Warren with his twenty-three-year-old daughter's transportation, clothing and other such needs upon which her enrollment in college has no bearing.
¶ 5. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, KING, PAYNE and SOUTHWICK, JJ., concur.
NOTES
[1] Because Meek and Warren negotiated this collegiate support agreement between themselves with Jennifer the intended third party beneficiary, Meek has standing to bring suit on the contract. Rogers v. Rogers, 662 So.2d 1111, 1114 n. 1 (Miss.1995).
[2] Twenty-one years is the age of majority in this state for purposes of child care and maintenance orders issued pursuant to §§ 93-5-23 and 93-11-65 of Mississippi Code. Miss.Code Ann. §§ 93-5-23, 93-11-65 (Rev.1994).