822 So.2d 1067 (2002)
Shannon Paige JOHNSON, Appellant,
v.
Amanda JOHNSON, Appellee.
No. 2000-CA-01743-COA.
Court of Appeals of Mississippi.
April 2, 2002.
Rehearing Denied May 28, 2002.
*1068 John M. Colette, Jackson, attorney for appellant.
Olen C. Bryant, Jr., Hazlehurst, attorney for appellee.
Before KING, P.J., THOMAS, MYERS, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Seeking to enforce a final divorce judgment which secured the payment of educational expenses through the proceeds of a life insurance policy, Shannon Paige Johnson filed a complaint for declaratory judgment and injunctive relief. In response, Amanda Johnson, the primary beneficiary of the policy, filed for summary judgment and argued that Paige forfeited her rights to the proceeds. The Chancery Court of Lincoln County granted summary judgment and denied Paige's subsequent motion to set aside and reconsider the chancellor's decision. Paige appealed. Finding error, we reverse and remand for proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
¶ 2. On December 22, 1997, the parents of Shannon Paige Johnson (Paige) were granted a divorce on the grounds of irreconcilable *1069 differences. The divorce judgment incorporated a consent agreement between the parents in which Paige's father, Johnny Joe Johnson, obligated himself to be responsible for Paige's college expenses, including all reasonable and necessary living expenses, post emancipation. In addition, in order to secure this support obligation in the event of his death, the court required that he "maintain his present life insurance policy with Paige as a beneficiary until his support obligation to her is discharged." Paige and her sister were designated as the beneficiaries of Mr. Johnson's life insurance policy, numbered 112388V. At the time of the final divorce judgment, Paige was twenty and one-half years old, not enrolled in college, and had not accrued any academic hours.
¶ 3. On December 31, 1998, one year and nine days later, Mr. Johnson without court approval signed a change of beneficiary form on said policy. He executed the change of beneficiary specifying his new wife, Amanda Johnson (Amanda), as the sole beneficiary of this policy. On the same day, a second change of beneficiary was signed, designating Amanda as the primary beneficiary of a different life insurance policy, numbered 6626F, while Paige was identified as a "contingent" beneficiary of this policy along with her sister. The date of these changes took effect at the time of the new marriage on or about January 1, 1999.
¶ 4. Mr. Johnson died eight months after the change of beneficiary. Upon Mr. Johnson's death, the insurance carrier distributed the proceeds to Amanda and she deposited same in a certificate of deposit at the bank. On November 12, 1999, Paige filed a complaint requesting the court to enter a declaratory judgment ordering the insurance proceeds to be held in trust for her use and benefit until all of Mr. Johnson's financial obligations to her have been discharged. Paige also sought a preliminary injunction requiring Amanda to immediately pay into the court registry all life insurance proceeds until a full hearing could be held.
¶ 5. An agreed order was entered February 10, 2000, providing for the funds of the certificate of deposit to remain on deposit with her bank. Amanda filed for summary judgment and argued that no obligation existed to pay for college because Paige failed to enroll or failed to show any academic progress. On June 30, 2000, the chancery court granted summary judgment and dismissed the complaint for declaratory judgment and injunctive relief. On August 22, 2000, the chancellor ordered Amanda to deposit sixty-thousand dollars of the insurance funds with a bank pending the outcome of any appeals. The chancellor denied Paige's subsequent motion to set aside and reconsider the chancellor's decision. Paige appeals the grant of summary judgment.

I. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT IN FAVOR OF AMANDA JOHNSON?

STANDARD OF REVIEW
¶ 6. We conduct a de novo review of the record to determine whether the trial court properly granted a motion for summary judgment. Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 661 (Miss.1994). The de novo review includes looking at the evidentiary matters and viewing them in the light most favorable to the party against whom the motion has been made. Nationwide Mut. Ins. Co., 636 So.2d at 661. The movant has the burden of proving that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993). Rule 56 of the Mississippi Rules of Civil Procedure governs motions *1070 for summary judgment. This Court does not try issues on a Rule 56 motion, it only determines whether there are issues to be tried. Seymour v. Brunswick Corp., 655 So.2d 892, 895 (Miss.1995). In other words, the reviewing court must look not to resolving an issue, but rather to ascertain whether a triable issue even exists. Id.

DISCUSSION
¶ 7. We are asked to answer the question of whether the lower court's decision to grant summary judgment in favor of Amanda constituted reversible error. For the following reasons, it is the opinion of this Court that summary judgment was not proper and this case should be reversed and remanded to the trial court for further findings consistent with this opinion.
¶ 8. The chancellor granted summary judgment stating that the totality of the circumstances was sufficient to relieve Mr. Johnson from any obligation to Paige and thus he was free to remove her as beneficiary on his insurance without securing a court order. The chancellor concluded that where such a contractual obligation exists to provide educational expenses, there is a reciprocal obligation on the part of the child which includes enrollment and reasonable academic progress. The circumstances revealed that Paige had failed to enroll since her last dropout in November of 1997. At the time Mr. Johnson executed the change of beneficiaries on or about January 1, 1999, one year had passed since her last enrollment. In August of 1999, eight months after the change of beneficiary and twenty months after the final judgment, Mr. Johnson died. At the time of his death, Paige had yet to enroll in school. At the time of the hearing, Paige was still not registered in school.
¶ 9. As stated in the standard of review, a summary judgment motion should not be granted unless there is absolutely no genuine issue of material fact in dispute. Seymour, 655 So.2d at 895. Here it is our opinion that there is a genuine material fact issue regarding the duration of the support obligation.
¶ 10. The non-movant should be given the benefit of all reasonable doubt. Short v. Columbus Rubber & Gasket Co., Inc., 535 So.2d 61, 63 (Miss.1988). In Paige's original complaint, she asserted her intention to complete her degree. The agreement incorporated into the divorce judgment specified no parameters, conditions, or restrictions for Paige to adhere to in order to receive the agreed upon support. In Meek, this Court held that "where a particular parent contracts to pay post-emancipation support in the form of educational expenses, he is bound by the contract." Meek v. Warren, 726 So.2d 1292(¶ 2) (Miss.Ct.App.1998). Mr. Johnson, aware of Paige's academic problems, obligated himself beyond Paige's twenty-first birthday to this four-year obligation at a time when Paige was twenty and onehalf years old and not enrolled in school. There was no indication or stipulation that Paige would forfeit the support if she did not enroll in school and the judgment of divorce did not specify a time period. Looking at the agreement in the light most favorable to Paige, the obligation still exists.
¶ 11. In addition, without petitioning the court and within one year of the final judgment, Mr. Johnson disobeyed the chancery court's judgment as it applied to the security of this four year commitment. "[Mr. Johnson] cannot, without sanction of the court, decide when or how [he] will comply with court judgments." Smith v. Smith, 545 So.2d 725, 728 (Miss.1989). It is the judgment of that court that must *1071 control and this cannot be waived, ignored or modified by the parties at will. Id. "This is the kind of self-help that [the Mississippi Supreme] Court has on several occasions condemned and does here condemn." Id. (citing Merchants Nat'l Bank, Vicksburg v. Stewart, 523 So.2d 961, 965 (Miss.1988)).
¶ 12. Although Smith dealt with a visitation agreement, the analysis is relevant to this case in addressing the question of the court's sole authority to modify orders. If Mr. Johnson had a problem with the terms of the judgment or felt that his obligation had terminated due to the circumstances, Mr. Johnson should have petitioned the court and properly notified Paige according to Rule 81 of the Mississippi Rules of Civil Procedure before he changed the beneficiaries. Furthermore, Paige is entitled to the protection of the chancery court.
¶ 13. If Paige were enrolled in a four-year degree program, the support obligation would exist. Since she was not enrolled, this leaves us with a dispute of material fact as to the duration, meaning, and effect of Johnson's obligation incorporated in the terms of the final divorce judgment and necessitates that this case be remanded to the trial court. The trial court should determine the length and the parameters of the obligation including the period of time that Paige should be given in which to obtain her degree, the minimum level of academic performance required, and determine if the change of beneficiary without notice to the court was invalid because of the uncertainty of the duration of the contractual obligation.
¶ 14. THE JUDGMENT OF THE LINCOLN COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, J.
McMILLIN, C.J., dissenting:
¶ 15. I dissent. The majority proposes to remand for, among other things, a determination of "the length ... of the obligation" requiring Mr. Johnson to stand ready to defray the costs of a college education for his daughter, Paige. With respect to the majority, the chancellor has already made that determination when he concluded that the passage of some twenty months without any attempt by Paige to enroll in college was a sufficient period of time to end the obligation. Unless Mr. Johnson's agreement to pay the costs of Paige's college education was an open-ended one continuing for the remainder of her life, it must be conceded that this contingent duty would, at some point, come to an end. An obligation to provide for a child's post-majority education is purely contractual since the law is clear that the chancellor's authority regarding such matters arising under the state's divorce statutes ends with the child's emancipation. Meek v. Warren, 726 So.2d 1292, 1293(¶ 2) (Miss. Ct.App.1998). In the absence of a specific time limit for performance of a contract, the law supplies the concept of "a reasonable time." Leach v. Tingle, 586 So.2d 799, 802-3 (Miss.1991). In order to reverse the chancellor, this Court must first find manifest error in his determination that twenty months was a reasonable time for the child to enroll in college and that her failure to do so ended her father's contractual obligation. The majority makes no such determination, and, in all *1072 events, I think the ruling was a reasonable interpretation of the extent of Mr. Johnson's obligation.
¶ 16. Neither is there merit in the argument that the failure to obtain court approval of the change in beneficiary, of itself, could work to void the change. Certainly, it is true that a person unilaterally alters an obligation set out in a divorce judgment at his peril. See Elliott v. Rogers, 775 So.2d 1285, 1290(¶ 24) (Miss.Ct.App.2000). However, that is not the same thing as holding that there is an absolute bar from doing so. If, under principles of contract regarding a reasonable time for performance, Mr. Johnson no longer had an obligation to provide his daughter a college education based on her lack of effort, then his unilateral decision to alter his position may be vindicated in subsequent litigation to the same extent as if he had sought an advance ruling on the matter. The pivotal issue, it must be remembered, is not Mr. Johnson's right to alter the beneficiary on the life insurance. It is rather, the duration of his commitment to defray his daughter's costs of a college education in the face of her prolonged reluctance to undertake the effort to pursue such a course. The chancellor found that the obligation had ended by the time of Mr. Johnson's death. I find that a reasonable interpretation of this purely contractual obligation and would, on that basis, affirm the chancellor.
BRIDGES, J., JOINS THIS SEPARATE WRITTEN OPINION.