919 So.2d 184 (2005)
Robert Earl ROGERS, Jr., Appellant,
v.
Donna Leigh ROGERS (Pearson), Appellee.
No. 2004-CA-00160-COA.
Court of Appeals of Mississippi.
June 7, 2005.
*185 Stephen Travis Bailey, Tupelo, attorney for appellant.
Candace Cooper Blalock, attorney for appellee.
Before KING, C.J., CHANDLER and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Robert Earl Rogers, Jr. and Donna Leigh Rogers Pearson were granted a divorce by the Monroe County Chancery Court based on irreconcilable differences. The parties entered into a separation, support and custody agreement. Aggrieved by the chancellor's decision regarding monthly child support and division of his retirement plan, Mr. Rogers raises the following issue as error which we quote verbatim:
Whether the trial court committed reversible error in the division of the Appellant's 401(k) retirement plan and in determining the monthly child support obligation of the Appellant.

FACTS
¶ 2. Robert and Donna Rogers were married on September 6, 1986, in Monroe County. The parties had one child born to the marriage, Wesley Thomas Rogers, born in 1990.
¶ 3. On April 26, 2000, the parties filed a joint complaint for divorce based upon irreconcilable differences and entered into a written agreement for the division of marital property and the custody and support of the minor child. The agreement placed primary custody of the child with Mrs. Rogers, and gave Mr. Rogers visitation. The agreement provided that Donna Rogers "shall receive one-half of the Husband's 401K in the approximate sum of *186 $69,000.00." The agreement required that Mr. Rogers provide support and maintenance for the child as follows:

Support and Maintenance of Child. The Husband shall pay to the Wife, for support and maintenance of the minor child of the parties, the sum of 14 percent of his adjusted gross income or $600.00 per month. Additionally, the Husband shall pay 14 percent of any and all future bonuses and salary increases. Husband will be responsible for all medical, optical, drug, dental, hospital and doctor bills incurred by the minor child. The Husband shall be responsible for providing the child with all clothing, school and college expenses, trips, an automobile and automobile expenses. The Husband will maintain $100,000.00 in life insurance with the child named as beneficiary until the child graduates from college or becomes emancipated.
Only Mrs. Rogers was represented by an attorney in these proceedings, and all documents were drafted by Mrs. Rogers' attorney.
¶ 4. On June 22, 2000, the parties filed an amended agreement. The amended agreement stated that "The parties agree that the child support shall stop at the time the minor child becomes emancipated or upon the minor child being accepted into an institution of higher learning. If the child does enter college, the Husband shall no longer pay child support but does agree to support the child during his college years."
¶ 5. On June 26, 2000, the chancellor entered a final decree of divorce, which sought to incorporate the terms of the agreement between the parties. In that decree, the chancellor provided:
(3) Robert Earl Rogers, Jr. shall pay unto Donna Leigh Rogers the sum of 14% of his adjusted gross income or no less than $600.00 per month as child support. Additionally Robert Earl Rogers shall pay to Donna Leigh Rogers 14 percent of any and all future bonuses and salary increases. Robert Earl Rogers shall be responsible for all medical, dental, doctor, drug, hospital and optical expenses incurred by the minor child. Robert Earl Rogers, Jr. shall be responsible for providing the child with all clothing, school and college expenses, trips, an automobile and automobile expenses.
Robert Earl Rogers, Jr. shall maintain $100,00.00 [sic] in life insurance with the child names [sic] as beneficiary until the child graduates from college or becomes emancipated.
The parties agree that the child support shall stop at the time the minor child becomes emancipated or upon the minor child being accepted into an institution of higher learning. If the child does enter college, Robert Earl Rogers, Jr. shall no longer pay child support but agrees to support the child during his college years.
(4) Donna Leigh Rogers is awarded one-half (½) of Robert Earl Rogers, Jr. 401K in the approximate sum of $69,00.00 [sic].
¶ 6. On February 20, 2001, Mr. Rogers requested that the chancellor modify the final decree by (1) awarding him custody of the minor child, (2) granting visitation to Mrs. Rogers, and (3) requiring Mrs. Rogers to pay child support. On March 21, 2001, Mrs. Rogers filed an answer and cross-complaint for contempt alleging that Mr. Rogers was delinquent in child support payments and had failed to transfer to her one-half of his 401(k) retirement plan.
¶ 7. On May 14, 2003, Mrs. Rogers filed a motion to clarify the final decree of divorce. In that motion, Mrs. Rogers *187 asked the court to clarify the amount awarded to her from the 401(k) retirement plan. The final decree reflected that Mrs. Rogers was awarded $69,00.00 from Mr. Rogers' 401(k) retirement plan, while the agreement reflected that she was awarded one-half of Mr. Rogers' 401(k) in the approximate sum of $69,000. In his response to the motion for clarification, Mr. Rogers argued that Mrs. Rogers was only entitled to one-half of the value of his 401(k) retirement plan at the time a Qualified Domestic Relations Order was entered, and only $600 per month as child support.
¶ 8. At a July 11, 2003 hearing on the motion to modify and the counterclaim, the parties announced to the chancellor that they had resolved the custody and visitation issues and agreed to submit briefs to the chancellor on the division of the 401(k) and any child support arrearage. On September 17, 2003, the chancellor entered an order, which reflected that agreement.
¶ 9. Pursuant to the agreed order of September 17, 2003, the chancellor entered an order clarifying the final decree of divorce. In that order, the chancellor found that Mr. Rogers owed Mrs. Rogers the approximate amount of $69,000 from his 401(k) retirement account as it existed on the date of divorce and that Mr. Rogers would pay a minimum of $600 per month as child support with payment of an additional fourteen percent for all bonuses and increases.
¶ 10. On October 30, 2003, the chancellor entered a Qualified Domestic Relations Order awarding Mrs. Rogers $69,000 from Mr. Rogers' retirement account. On October 31, 2003, Mr. Rogers filed a motion to alter or amend judgment, to which Mrs. Rogers responded. On November 17, 2003, the chancellor entered an order denying the motion to alter or amend judgment. Mr. Rogers now appeals the chancellor's decision.

ISSUE AND ANALYSIS
Whether the trial court committed reversible error in the division of Mr. Rogers' 401(k) retirement plan and in determining the monthly child support obligation of Mr. Rogers.

Standard of Review
Because the resolution must be reached via the interpretation of a divorce judgment, our task is to view the terms of the document, find their legal meaning, and adjudge their enforceability. The familiar manifest error/substantial evidence rules have no application to such questions of law. Consequently, our review is de novo, provided only that we read the entire settlement agreement/divorce judgment and in the best light possible, attributing to its provisions the most coherent and reasonable scheme they may yield. However, we remain cognizant that our authority is circumscribed in that we may not provide through the pretense of interpretation that not directly or impliedly a part of the text we interpret.
Meek v. Warren, 726 So.2d 1292(¶ 3) (Miss. Ct.App.1998) (citations omitted).
¶ 11. Mr. Rogers contends that the chancellor erred by overlooking the differences in the wording of the amended separation, support and custody agreement and the final decree of divorce regarding the 401(k) retirement plan and child support.
¶ 12. In the amended separation, support and custody agreement, Mrs. Rogers was to "receive one-half of the Husband's 401K in the approximate sum of $69,000.00." The final decree of divorce awarded Mrs. Rogers one-half Mr. Rogers' 401(k) retirement plan in the approximate sum of "$69,00.00." Mr. Rogers alleges that the discrepancy is ambiguous and the language is unclear as to whether Mrs. *188 Rogers should receive one-half of the value of the 401(k) retirement plan or whether she should receive $69,000. Mr. Rogers maintains that there would not have been a need for the chancellor to execute an order clarifying the final decree of divorce if an ambiguity failed to exist.
¶ 13. Mr. Rogers further contends that the language regarding child support is unclear as well. Regarding child support, the amended separation, support and custody agreement indicated that Mr. Rogers shall pay "the sum of 14 percent of his adjusted gross income or $600.00 per month." The final decree of divorce stated that Mr. Rogers shall pay "the sum of 14 % of his adjusted gross income or no less than $600.00 per month as child support." Mr. Rogers claims that it is unclear as to whether he should pay the actual amount of $600 per month, fourteen percent of his income per month, or whether $600 per month is meant to be a floor or a cap on his monthly child support obligation.
¶ 14. Mr. Rogers alleges that the discrepancies have resulted in a rewriting of the parties' settlement agreement which is inconsistent with the intent of the parties. When questions arise concerning the meaning of a "judgment decree or opinion of court, . . . answers are sought by the same rules of construction which appertain to other legal documents." Wilson v. Freeland, 773 So.2d 305(¶ 9) (Miss. 2000). "[W]here ambiguities may be found, the agreement should be construed much as is done in the case of a contract, with the court seeking to gather the intent of the parties and render its clauses harmonious in the light of that intent." Switzer v. Switzer, 460 So.2d 843, 846 (Miss. 1984).
¶ 15. In resolving the question of the amount owed to Mrs. Rogers from the 401(k) retirement account, the chancellor examined the written support and custody agreement and the final decree of divorce and determined that the terms were not ambiguous. Where the express language of the property settlement agreement is unambiguous, the agreement should be enforced. Carite v. Carite, 841 So.2d 1148(¶ 10) (Miss. Ct.App.2002). The chancellor determined that Mr. Rogers owed Mrs. Rogers the approximate amount of $69,000, one-half of his retirement plan as it existed on the date of the divorce, and that any diminution in value was to be absorbed by Mr. Rogers. This Court agrees that Mrs. Rogers was entitled to one-half of the value of the 401(k) as of the date of divorce. However, the one-half of the 401(k) awarded to her must also share proportionately in any losses or gains caused by the ebb and flow of the stock market.
¶ 16. This Court affirms the chancellor's award of one-half of the value of the 401(k) as of the date of divorce. However, we remand to the chancellor with instructions to (1) determine the value of the 401(k) as of the date of divorce, (2) determine whether there have been any increases or decreases in the value of that portion of the account which existed on the date of divorce, and (3) to share equally between Mr. and Mrs. Rogers any increases and decreases to that portion of the 401(k) account, which existed on the date of divorce.
¶ 17. This Court notes that this issue would not have arisen had the parties presented to the chancellor a Qualified Domestic Relations Order. The preparation of proposed orders or decrees is generally the responsibility of the attorney for the prevailing party. Johnson v. Johnson, 67 N.C.App. 250, 257, 313 S.E.2d 162, 166 (N.C.App.1984), 46 AM. JUR. 2D Judgments § 84 (1994). In this case Mrs. Rogers was the prevailing party, and the only *189 party represented by an attorney. This fact placed an added responsibility on Mrs. Rogers and her attorney to insure that all appropriate orders were prepared and submitted to the chancellor. Under these circumstances, it would be inappropriate to penalize Mr. Rogers for any loss to Mrs. Rogers' share of the retirement account.
¶ 18. Likewise, in looking at the child support provisions in the support and custody agreement and the final decree of divorce, the chancellor determined that the clear and unambiguous intent of the parties was that Mr. Rogers would pay a minimum of $600 per month as child support and an additional fourteen percent of all bonuses and wage increases. The relevant portion of the agreement states: "The Husband shall pay to the Wife, for the support and maintenance of the minor child of the parties, the sum of 14 percent of his adjusted gross income or $600.00 per month. Additionally, the Husband shall pay 14 percent of any and all future bonuses and salary increase."
¶ 19. Mr. Rogers now argues that the chancellor's determination creates an unlawful and unenforceable child support escalation clause. This argument lacks merit. The parties may in fact agree of their own volition to do more than the law requires of them. Where such a valid agreement is made, it may be enforced just as any other contract. East v. East, 493 So.2d 927, 931-32 (Miss.1986).
¶ 20. Having viewed the record, this Court affirms the chancellor's decision which was based on substantial evidence, but remands for further proceedings consistent with this opinion.
¶ 21. THE JUDGMENT OF THE CHANCERY COURT OF MONROE COUNTY IS AFFIRMED BUT REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, P.J., MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. CHANDLER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., AND IRVING, J.
CHANDLER, J., Concurring in Part, Dissenting in Part.
¶ 22. I agree with the majority that the chancellor's opinion should be affirmed but remanded. However, I believe that the only issue on remand should be the determination of the value of Mr. Rogers's 401(k) on the date of the divorce.
¶ 23. The final decree of divorce ordered Mr. Rogers to pay one-half of his 401(k) to Mrs. Rogers, in the approximate amount of $69,000. When Mr. Rogers requested a clarification of this decree, the chancellor held that Mrs. Rogers should receive one-half of the value of the 401(k) at the time of the divorce. I agree with the majority that this holding should be affirmed, and I also agree that the matter should be remanded in order to determine the exact amount Mr. Rogers shall pay.
¶ 24. The majority orders the chancellor to determine whether there have been any increases or decreases in the value of the portion of the account which existed on the date of the divorce, and that Mr. and Mrs. Rogers should share equally in the profits or losses. I am unable to join the majority on this holding. The chancellor explicitly held that any decrease in value would be absorbed by Mr. Rogers. This Court, in effect, is reversing part of the chancellor's holding. For this reason, I cannot join this part of the majority's opinion.
*190 ¶ 25. The parties' intent expressed in a property settlement agreement is controlling to its enforcement. Holloman v. Holloman, 691 So.2d 897, 899 (Miss.1996). In the present case, there is no evidence that the parties intended to share in the losses or gains of the value of Mr. Rogers's 401(k) after the parties were divorced. Indeed, the goal of distribution of marital property is "to finalize the division of assets and conclude the parties' legal relationship, leaving them each in a self-sufficient state, where the facts and circumstances permit total dissolution." Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994).
¶ 26. For these reasons, I would remand this case only for the purpose of valuing Mr. Rogers's 401(k) at the time of the divorce.
LEE, P.J., AND IRVING, J., JOIN THIS SEPARATE WRITTEN OPINION.