IRVING, J.,
for the Court.
¶ 1. April and Mark West Sr. were granted a divorce on the ground of irreconcilable differences by the Chancery Court of DeSoto County. Mark subsequently filed a petition for modification of child support and a motion to set aside a portion of the judgment of divorce. The chancellor denied both pleadings.
¶ 2. Aggrieved, Mark appeals and alleges: (1) that the chancellor erred in failing to set aside the provision of the judgment of divorce regarding the child support escalation clause and (2) that the chancellor erred in failing to make a written finding on the record as to the applicability of the statutory child support guidelines. Finding no reversible error, we affirm.
FACTS
¶ 3. April and Mark were married on December 12, 1998. One child, Mark Andrew West Jr., was born to the marriage on July 25, 2000. On September 28, 2005, the parties executed a property settlement agreement in which they agreed to several issues, including child custody, child support, and the distribution of the marital estate.[1] On October 5, 2005, the DeSoto County Chancery Court granted April and Mark a divorce on the ground of irreconcilable differences and incorporated the property settlement agreement into the judgment of divorce.
¶4. On March 19, 2007, Mark filed a petition for modification of child support. In the petition, he asked the chancellor to decrease the amount of child support and to make a finding on the record as to whether the application of the child support guidelines would be unjust or inappropriate. He argued that the chancellor who heard the divorce proceedings[2] failed to make a written finding as to whether the child support guidelines were reasonable.[3] On May 2, 2007, Mark filed a motion to set aside the portion of the judgment of divorce which provides for the automatic increase in child support.
¶ 5. On December 3, 2007, the chancellor issued his ruling on the petition for modification and on the motion seeking to set aside the child support escalation clause contained in the judgment of divorce. The chancellor determined that Mark’s petition and motion were time-barred since he did *560 not file either a Rule 59 or Rule 60 motion, pursuant to the Mississippi Rules of Civil Procedure, seeking a modification of the judgment of divorce.[4] The chancellor further determined that Mark had not shown that a material change in circumstances had occurred since the entry of the judgment of divorce. The record reflects the chancellor’s reasoning for these determinations as follows:
THE COURT: I’ve researched this over and over again because I really believe that Mr. West made a deal when he was granted his divorce that was probably not in his best interests. It was absolutely — he is paying above what the guidelines would require [sic] to pay. And he waited too long to ask the Court to change that.
He could have filed a petition or something under Rule 59 or Rule 60 of the Mississippi Rules of Civil Procedure; howeverf,] he had to do that timely and obviously he didn’t seek legal representation until those time periods had long passed.
So because those things were not done and this Court is not faced with a Rule 59 motion or a Rule 60 motion to set aside the divorce decree or to modify it or change it or set aside the provisions of it at this point, the Court has got to apply the regular standard that the Court would apply to any modification proceeding.
There needs to be some demonstration to this Court of a substantial and material change in circumstances in order for the Court to modify this child support....
¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. “[An appellate court] will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Cox v. F-S Prestress, Inc., 797 So.2d 839, 843(¶ 14) (Miss.2001) (citing Griffin v. Armana, 687 So.2d 1188, 1192 (Miss.1996)).
¶ 8. Mark argues that the chancellor, in the modification proceedings, committed error when she failed to set aside the portion of the judgment of divorce that relates to the child support escalation clause. The provision of the judgment of divorce containing the escalation clause provides:
The Parties agree that there will be a substantial change in the needs of the minor child every five (5) years and thus the Non-Custodial parent shall be responsible for providing to the Custodial parent, every five years a copy of his/her current year’s tax returns or W-2 form immediately upon filing his/her tax returns. Should the Non-Custodial parent have an increase in pay of $10,000 or more, child support shall automatically be raised to an amount equal to fourteen percent (14%) of his/her new adjusted gross income and an Order directing the same shall be entered.
¶ 9. Mark argues that the Mississippi Supreme Court, in a long line of cases, has determined that in order for an escalation *561 clause to be enforceable, it must be tied (1) to the inflation rate, (2) to the non-custodial parent’s income, (3) to the child’s expenses, and (4) to the custodial parent’s separate income. Mark also argues that the escalation clause at issue does not meet this criteria, and since it does not, the chancellor erred in finding that under the authority of Rogers v. Rogers, 919 So.2d 184, 189(¶ 19) (Miss.Ct.App.2005), parties may agree on their own volition to do more than the law requires of them.
¶ 10. We agree with Mark that an escalation clause must be tied to certain prerequisites. In Bruce v. Bruce, 687 So.2d 1199, 1202 (Miss.1996) (citing Bedford v. Dempsey, 437 So.2d 410, 419 (Miss.1983)), our supreme court said as much. We also agree that the escalation clause in this case does not contain all of the criteria set forth by our supreme court for it to be enforceable. However, our agreement with Mark ends here.
¶ 11. As stated, the chancellor left the door open on Mark’s ability to later challenge the validity of the escalation clause. The record reflects the following:
BY THE COURT: I just feel like it would be premature at this point to rule on the escalation clause and so I am going to decline to rule on the validity of the escalation clause and in effect then I am going to deny your motion to set aside the portion of the judgment of divorce that deals with the escalation clause so if you wish to appeal that portion and get that before the Supreme Court you will have a denial from me.
¶ 12. While there may be merit[5] to Mark’s argument concerning the invalidity of the escalation clause, that decision must await another day. We agree with the chancellor that this issue is premature at this time. To date, the escalation clause has not been enforced. The child support provision calls for an automatic escalation in child support if Mark’s income increases by $10,000. Mark has not shown that that has occurred, nor has April sought any increase in child support payment. Therefore, we find this assertion of error without merit.
¶ 13. Next, Mark argues that the chancellor erred in determining that a written finding on the record as to the applicability of the statutory child support guidelines was not needed. Mark is essentially attacking the failure of the chancellor, who granted the divorce and approved the support provision, to make specific findings before approving the parties’ provision for child support.
¶ 14. Rule 59(e) of the Mississippi Rules of Civil Procedure provides that “a motion to alter or amend the judgment shall be filed not later than ten days after entry of the judgment.” (Emphasis added). If Mark thought that the chancellor had erred in approving their agreed provision for child support without first making a finding as to the reasonableness of the statutory guidelines, it was incumbent upon him at that time to bring the issue to the chancellor’s attention via the proper avenue. He did not. The first time he made an issue of this matter was more than a year after the judgment of divorce was granted. Accordingly, he is procedurally barred from challenging the chancel *562 lor’s failure to make specific findings of fact on the reasonableness of the statutory child support guidelines. Moreover, we also agree with the chancellor that there was no need for the original chancellor to make any finding concerning the reasonableness of the guidelines since Mark and April agreed to the amount of child support. Divorcing parties are free to agree that the noncustodial party will pay an amount for child support that exceeds the amount set forth in the statutory guidelines. This issue is without merit.
¶ 15. We affirm the chancellor’s to deny the petition for modification of child support and the motion to set aside the escalation clause in the judgment of divorce.
¶ 16. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. Mark was not represented by an attorney during the divorce proceedings. The property settlement agreement was prepared by April's attorney. In the agreement, Mark agreed to pay, in lieu of child support, the monthly mortgage payment on the marital domicile until the home was sold. Thereafter, he would pay child support in the amount of $1,150 per month. He also agreed to an automatic increase in child support payment if his income increased by $10,000. The increase would be an amount equal to fourteen percent of his new adjusted gross income.

. The chancellor who heard the modification petition was not the same chancellor who presided over the divorce proceedings.

.Mississippi Code Annotated section 43-19-101(4) (Rev.2004) states:
In cases in which the adjusted gross income as defined in this section is more than Fifty Thousand Dollars ($50,000.00) or less than Five Thousand Dollars ($5,000.00), the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable.
Mark argued that since his adjusted gross income was over $50,000 and the chancellor who heard the divorce proceedings did not make a written finding on the record, he should be able to have his child support obligation modified in accordance with the provisions of the statute.

. Although the chancellor stated that Mark’s motion challenging the escalation clause was time-barred, the chancellor went on to say that addressing the validity of the clause was premature. Presumably, this was because the trigger in the clause had not been engaged. This leads us to conclude that the chancellor left the door open for Mark to later challenge the validity of the clause.

. In Bruce, 687 So.2d at 1202, the supreme court suggests that an escalation clause, even if a part of a property settlement agreement, has to be related to (1) the inflation rate, (2) the non-custodial parent's increase or decrease in income, (3) the child’s expenses, and (4) the custodial parent's separate income. See also Gillespie v. Gillespie, 594 So.2d 620, 623 (Miss.1992); Wing v. Wing, 549 So.2d 944, 947 (Miss.1989); Tedford, 437 So.2d at 419.